[No. 3261.  Decided January 10, 1900.]

THE STATE OF WASHINGTON, *Respondent,* v. M. R.
DUNN, *Appellant.*

ASSAULT AND BATTERY—INSTRUCTIONS.

In an action for assault and battery, where the defense is
self-defense, an instruction which charges the jury that "if you
believe from the evidence beyond a reasonable doubt, that the
prosecuting witness was the first aggressor" and "that such
striking and beating was only for the purpose of repelling the
assault of the prosecuting witness and that no more force was
used than was necessary to repel such assault from the prose-
cuting witness," then the defendant is not guilty, is erroneous,
for the reason that if the jury had a reasonable doubt as to who
was the aggressor, and had a reasonable doubt as to whether
the appellant used more force than was necessary to repel the
assault, if one was made on him, it was their duty to acquit.

APPEAL—RECORD—CONCLUSIVENESS OF JUDGE'S CERTIFICATE AS TO
EVIDENCE.

When the trial court has certified that the record contains
so much of the "facts, matters and proceedings heretofore oc-
curring in said cause" as is material to an appeal from the final
judgment, the appellate court must accept the certificate as true
and must determine from the evidence transmitted whether or
not error committed on the trial was prejudical.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge.          Reversed.

*Dorr & Hadley,* for appellant.

*A. E. Mead,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was informed against jointly with one Frank E. Black, by the prosecuting attorney of Whatcom county, for the crime of assault and battery, charged to have been committed on the person of one John Broyles.    A trial was had before the court and a jury, resulting in a judgment of conviction against the appellant, Dunn, and the acquittal of Black.    The defense was self-defense.    The appellant contended, and introduced evidence tending to prove, that Broyles was the aggressor, and that he used only such force in repelling the assault made upon him by Broyles as was necessary to protect his person.    On this branch of the case the court instructed the jury as follows:

" If you believe from the evidence beyond a reasonable doubt, that the prosecuting witness in this case was the first aggressor in any controversy which you may find from the evidence to have taken place between the prosecuting witness and the defendants, then, if you find that the defendants did strike and beat the prosecuting witness, but that such striking and beating was only for the purpose of repelling the assault of the prosecuting witness and that no more force was used than was necessary to repel such assault from the prosecuting witness, and that such force was necessary in the self-defense of their persons, then you are instructed that the defendants are not guilty and such striking and beating on their part would be a lawful striking and beating."

To give this instruction was error.    It was not necessary for the jury, before they would be warranted in acquitting the appellant, to find beyond a reasonable doubt

that the conditions described by the court existed.   If the
jury had a reasonable doubt as to who was the aggressor,
and, following that, had a reasonable doubt as to whether
the appellant used more force than was necessary to repel
the assault, conceding that Broyles made one upon him, it
was their duty to acquit him, and they should have been
so instructed.   *State v. Conahan,* 10 Wash. 268 (38 Pac.
996).

The learned counsel for the state earnestly insists that
the error was such as not to prejudice the rights of the
appellant or warrant a reversal, for the reasons (1) that
the error was cured by the remainder of the instructions
of the court to the jury; and (2) that the appellant has
seen fit to bring into this court only a part of the evidence
introduced at the trial, and as this court cannot, without a
review of the whole evidence, determine that the error was
prejudicial, it will not presume it to be so, on the prin-
ciple that error is never presumed.   After a careful ex-
amination of the charge of the court, we find nothing upon
this branch of the case other than the part excepted to.
The appellant did not deny that an affray occurred, or
that he struck and beat the prosecuting witness.   He ad-
mitted this, and undertook to justify his acts by showing
that he was first attacked, and that such striking and beat-
ing was necessary in defense of his person.   He was thus
entitled to an instruction on this branch of the case,
which correctly stated the law applicable to such facts,
assuming them to be true.   This the court did not give.
As to the other contention, the court has certified that the
record contains so much of the "facts, matters and pro-
ceedings heretofore occurring in said cause" as is mate-
rial to an appeal from the final judgment.   This court
must take this statement as true.   It must determine
from the evidence transmitted here whether or not the
error was prejudicial, and is precluded from indulging in

presumptions relative thereto. The evidence transmitted shows a substantial conflict as to what the facts were on the matters embraced within the excepted part of the court's charge, and we cannot say that the verdict of the jury was the only verdict that could be legally rendered on the evidence before them.

The judgment is reversed and remanded, with instructions to grant the appellant a new trial.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.