[No. 20115.   Department Two.   November 23, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. HENRY
MILLER, SR., *et al., Appellants.*[1]

[1] ASSAULT  (7-1,  16)—CRIMINAL  RESPONSIBILITY—SELF-DEFENSE—
INSTRUCTIONS.  In a prosecution for assault, it is error to instruct
upon the defense of self-defense, that it is for the jury to deter-
mine the actual necessity for the use of force and whether the
defendants were about to be injured; since the defendants had
the right to resist force with force if, as reasonably prudent and
cautious men, they honestly believed that they were in danger
of great bodily harm.

[2] SAME  (7-1, 16).  In a prosecution for assault, it is error in an
instruction upon the subject of self-defense, to instruct as to the
rights of the defendant if they were "violently" assaulted.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered November 4, 1925,
upon a trial and conviction of assault.   Reversed.

*H. W. Lueders* and *Maurice Langhorne,* for appel-
lants.

*J. W. Selden* and *J. A. Sorley,* for respondent.

MACKINTOSH, J.—The appellants were convicted of
assault in the second degree made upon one William
Thaut, and are entitled to a new trial by reason of an
erroneous instruction given to the jury.   The appel-
lants' defense was that they were justified in using the
force, which they did in their own self defense.   The
erroneous instruction reads as follows:

"In order to justify the assault, if there was an as-
sault, upon William Thaut, the defendants must show
a necessity for the use of force to prevent an attempt
by William Thaut against the person of Henry Miller,
Sr., and that no more force was used than necessary in
preventing such attempt.   It is for the jury to say,
under all the circumstances, whether the defendant

[1]Reported in 250 Pac. 645.

Henry Miller, Sr., was about to be injured by William Thaut; whether it was necessary to use force in preventing or attempting to prevent such injury to or offense against the person by the defendant Henry Miller, Sr.; and if necessary to use force in preventing such offense against his person, whether more force was used by either defendant than was necessary. If you have a reasonable doubt as to whether the defendants or either of them used more force than was necessary to repel the assault, if you find an assault was made, then you should acquit such defendant of the charge against him.''

[1] This instruction left it for the jury to say whether it was necessary for the appellants to use force in defending themselves, and as to the amount of force necessary for that purpose. This is not a correct statement of the law, for the jury might well have believed that the appellants were not justified in fact in using any force, or that they used more force than was actually necessary. The true test was, what was the condition at the time the assault was made; and the appellants' right to resist force with force is dependent upon what a reasonably cautious and prudent man, situated as were the appellants, would have done under the condition then existing. If the appellants, at the time of the alleged assault upon them, as reasonably and ordinarily cautious and prudent men, honestly believed that they were in danger of great bodily harm, they would have the right to resort to self defense, and their conduct is to be judged by the condition appearing to them at the time, not by the condition as it might appear to the jury in the light of testimony before it. The appellants need not have been in actual danger of great bodily harm, but they were entitled to act on appearances; and if they believed in good faith and on reasonable grounds that they were in actual danger of great bodily harm, although it after-

wards might develop that they were mistaken as to the extent of the danger, if they acted as reasonably and ordinarily cautious and prudent men would have done under the circumstances as they appeared to them, they were justified in defending themselves. 30 C. J. 58, 59, 60; *Hawley v. Commonwealth,* 191 Ky. 380, 230 S. W. 296; *State v. Churchill,* 52 Wash. 210, 100 Pac. 309.

[2] Objection is also made to another instruction, being numbered 15, where it is stated that self defense "may be resorted to by anyone *violently* assaulted by another in such manner as to cause the person so assaulted in good faith to believe that he is in immediate danger of receiving great bodily harm from the assailant."

While this instruction, as a whole, properly states the law, yet the use of the word "violently" is erroneous, and that word should be omitted from the instruction.

Error is predicated upon other grounds, but, from an examination of the record, we find nothing in these assignments to justify a reversal. In the instances where error actually occurred, the error will not be repeated upon a new trial, and for that reason we refrain from any discussion of them.

Judgment reversed.

Tolman, C. J., Mitchell, Parker, and Askren, JJ., concur.