[No. 37690. Department One. May 13, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. OSMAR LADIGES
*et al.*, *Appellants.**

*Brown, Hovis, Cockrill & Roy* and *Edward P. Reed*, for
appellants.

*Alf M. Jacobsen*, for respondent.

RYAN, J.†—The defendants are charged in consolidated
actions with third degree assault, a gross misdemeanor.

This case has already traveled the most tortuous and cir-
cuitous routes conceivable. It commenced in one justice of
the peace court, from which it was informally transferred
to another. The second justice transferred it to a third, on
the filing of an affidavit of prejudice and motion for change

*Reported in 401 P.2d 977.

†Judge Ryan is serving as a judge pro tempore of the Supreme Court
pursuant to art. 4, § 2(a) (amendment 38), state constitution.

of venue. The third, by mistake, returned it to the second, who then turned it back to the first. The first justice proceeded to try the case in spite of affidavits of prejudice filed on the day of trial and in disregard of the fact that defendants' counsel did not arrive until the second witness for the state was testifying. The case had previously been reset for trial to afford defendants an opportunity to apply to the superior court for a writ of prohibition, but they not only failed to do this at that time, but neglected to institute an independent action subsequently.

The defendants were found guilty by a jury in justice court and immediately gave oral notice of appeal to the superior court which dismissed the appeal on the grounds that it had not been perfected. The order of dismissal was then appealed to this court. *State v. Ladiges*, 63 Wn.2d 230, 386 P.2d 416. We reversed the judgment of dismissal for the reason that it was based on the new justice court rules, which we held could not be retroactive. The appeal, conforming to the old rules which were in effect at the time, was deemed timely and proper. The case was remanded to the superior court with instructions to reinstate the appeal.

The defendants were found guilty by a jury in the superior court and now, again, appeal to this court from the judgments and sentences imposed. The superior court refused to act on defendants' request that it review the justice court proceedings dealing with denial of change of venue. This motion was made at the commencement of trial in the superior court. Defendants assign as error the court's denial of their motion to review the justice court proceedings.

Although we cannot approve the strange and awkward meandering of this case through the justice courts, we feel that the defendants have not been denied any of the rights to which they were entitled up to this point.

The crime charged is a gross misdemeanor. The superior court and the three justice courts all had jurisdiction and the case could have been initially filed in any of them. The defendants were given time to invoke the coercive powers of the superior court by a writ of prohibition but they did

not pursue this remedy. They appealed the justice court conviction and were granted a trial de novo in the superior court, after this court remanded with instructions to reinstate the appeal. They are now appealing from the superior court conviction and ask that the case be reinstated in the third justice court.

 The appellants have now waived whatever right they might have had to change of venue in justice court. They had an independent action available in superior court to compel the justice court to proceed as required by law. Instead of following that course, they appealed to the superior court.

In the case of *State v. Miller*, 59 Wn.2d 27, 29, 365 P.2d 612, we said:

A defendant has an independent action in the superior court to require conformance to the law in procedural matters in the justice court. When, however, the jurisdiction of the superior court is invoked by an appeal from a conviction in the justice court, the superior court does not review the action of the justice court because it is not a court of record. Such an appeal invokes a trial *de novo. State v. Buckman*, 51 Wn. (2d) 827, 322 P. (2d) 881.

The appellants' assignments of error Nos. 2, 3, 4 and 6 all pertain to instructions given or refused and relate to the same basic objection, so they will be treated together. There was testimony that the complaining witness, Arthur Ladiges, was driving his tractor in the process of filling in an irrigation ditch for which his brother Osmar Ladiges had an easement, and further that Arthur had sicked his dog on the defendants, one of whom was attacked by the dog. There was also testimony that the complainant was attempting to hit the defendants with his tractor.

The court gave the following instruction:

Instruction No. 3. You are instructed that the laws of the State of Washington provide as follows:

"9.11.040 Force, when lawful. The use, attempt, or offer to use force upon or toward the person of another shall not be unlawful in the following cases:

"(3) Whenever used by a party about to be injured, or by another lawfully aiding him, in preventing or attempting to prevent an offense against his person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his possession, in case the force is not more than shall be necessary;"

You are instructed that an easement or right of way for an irrigation ditch is "property" within the meaning of the statute.

The court defined an assault and battery in instruction No. 4 and in instruction No. 5 and No. 6 set out the essential elements of the crime charged. The court did not give any instruction relating to appellants' theory that they were not guilty if the force used by them was reasonable under the circumstances, regardless of actual danger to their persons or property, if they reasonably believed they were about to be injured or that there was about to be a malicious trespass or interference with property in their possession.

■ The statute with which we are here concerned (RCW 9.11.040(3)), the pertinent portion of which was set out in the court's instruction No. 3, has been previously termed by us as ". . . somewhat ambiguous . . ." *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn2d 485, 507, 125 P.2d 681. As we pointed out in that case, the statute specifies certain circumstances under which the use, attempt or offer to use force is not unlawful, but it does not affirmatively state that such use of force is unlawful in all other instances. Judge Steinert, speaking for a unanimous court, stated, p. 506:

One of the defenses to a charge of assault is that the act was committed in the defense of property of the actor, or of one whom he is under a legal duty to protect. It is the generally accepted rule that a person owning, or lawfully in possession of, property may use such force as is reasonably necessary under the circumstances in order to protect that property, and for the exertion of such force he is not liable either criminally or civilly, 4 Am. Jur. 159, 164, Assault and Battery, §§ 61, 68; 6 C. J. S. 816, 821, 951, Assault and Battery, §§ 20, 94.

In addition, there was evidence in the present case of a threatened offense against the persons of the appellants.

The trial judge attempted to instruct on the use of force by the appellants, but did not include the essential element of reasonable belief of danger. The appellants excepted to this omission.

We are of the opinion that the trial court's instruction was incomplete and that the failure to instruct as urged by appellants constituted reversible error.

In *State v. Miller,* 141 Wash. 104, 105, 250 Pac. 645, this court said:

> This instruction left it for the jury to say whether it was necessary for the appellants to use force in defending themselves, and as to the amount of force necessary for that purpose. This is not a correct statement of the law, for the jury might well have believed that the appellants were not justified in fact in using any force, or that they used more force than was actually necessary. The true test was, what was the condition at the time the assault was made; and the appellants' right to resist force with force is dependent upon what a reasonably cautious and prudent man, situated as were the appellants, would have done under the condition then existing. If the appellants, at the time of the alleged assault upon them, as reasonably and ordinarily cautious and prudent men, honestly believed that they were in danger of great bodily harm, they would have the right to resort to self defense, and their conduct is to be judged by the condition appearing to them at the time, not by the condition as it might appear to the jury in the light of testimony before it. The appellants need not have been in actual danger of great bodily harm, but they were entitled to act on appearances; and if they believed in good faith and on reasonable grounds that they were in actual danger of great bodily harm, although it afterwards might develop that they were mistaken as to the extent of the danger, if they acted as reasonably and ordinarily cautious and prudent men would have done under the circumstances as they appeared to them, they were justified in defending themselves. 30 C. J. 58, 59, 60; *Hawley v. Commonwealth,* 191 Ky. 380, 230 S. W. 296; *State v. Churchill,* 52 Wash. 210, 100 Pac. 309.

See, also, *State v. Tyree,* 143 Wash. 313, 255 Pac. 382; *State v. Churchill,* 52 Wash. 210, 100 Pac. 309; *Robison v. LaForge,* 175 Wash. 384, 27 P.2d 585.

Appellants' last claim of error is that the court erred in not permitting them, on cross-examination, to inquire into the nature of a crime of which a witness for the state had been convicted. Although, as tacitly admitted by the state, this was error, under the particular circumstances of this case, it was not prejudicial and, in any event, will not be repeated on retrial.

The judgment is reversed and the cause remanded for a new trial in the superior court.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.