**UNITED STATES of America,**
**Appellee,**

v.

**Bertha Mae BROWN, Appellant.**

**No. 23772.**

United States Court of Appeals
Ninth Circuit.

Jan. 26, 1970.

Lewis Notrica, Hollywood, Cal., for appellant.

James E. Shekoyan, Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, CARTER and KILKENNY, Circuit Judges.

HAMLEY, Circuit Judge:

Bertha Mae Brown was convicted, after a non-jury trial, of three narcotics offenses in violation of 21 U.S.C. § 174, and one tax offense involving narcotics, in violation of 26 U.S.C. § 4705(a). Two of the narcotics offenses involved receiving, concealing, selling, and facilitating the concealment, transportation, and sale of 27.680 grams of cocaine on April 26. 1968. The tax offense involved the same narcotics transaction; the Government alleged that defendant transferred the cocaine without obtaining from the transferee a written order on a form issued for that purpose by the Secretary of the Treasury. The third narcotics offense involved receiving, concealing and facilitating the concealment and transportation of 303.650 grams of cocaine on May 3, 1968. Concurrent five year sentences were imposed.

At the trial defendant testified that she was entrapped into committing all of the offenses by the "blandishments" of Lou Fiano, a "special employee" of the Government. The Government did not call Fiano as a witness. On appeal defendant argues that since the Government did not call Fiano as a witness to rebut defendant's testimony that she was entrapped, it must be held that the Government failed " * * * to discharge its burden of proof against defendant of guilt and punishability."

When it can fairly be said that the issue of entrapment has arisen at the trial, it becomes the prosecution's burden to establish beyond a reasonable doubt that the accused was not entrapped into the commission of the offense. Notaro v. United States, 363 F.2d 169, 174–175 (9th Cir. 1966).

The issue of entrapment arose in this case. In our opinion, however, the Government met its burden of proof referred to above when it produced the testimony of agent Frank G. Tarallo, who participated in the transaction, and the testimony of James Leland, who related a prior transaction with defendant.[1] The Government was not required

---

1. At the time of finding defendant guilty, the trial court observed that the decision would have been the same without the Leland testimony.

to produce the testimony of Fiano in order to sustain its burden of proof.[2]

Defendant argues further that if we should hold that Fiano's testimony was not indispensable for the Government to sustain its burden of proof on entrapment, we should at least remand the cause for further hearing with directions that Fiano be produced as a witness, unless it can be shown that he is unavailable. Defendant contends that this is necessary in order to afford her a fair trial in the due process sense.

 The factor to be considered when a defendant who asserts an entrapment defense is unable to find a Government informant whose testimony might be helpful are discussed at length in United States v. Walton, 411 F.2d 283 (9th Cir. 1969), and need not be repeated here. However, there is nothing in the record on appeal in this case to indicate that Fiano was not available to defendant at all times during the trial, had she wished to call him as a witness. Under these circumstances, no question arises concerning the duty of the Government to produce at the trial an informant who might give testimony helpful to defendant on her entrapment defense. For the same reason we conclude that a remand, as requested by defendant, should not be granted.

Defendant's final point on appeal is that the tax count involving 26 U.S.C. § 4705(a) must be set aside under the Fifth Amendment. Defendant asserts that the requirement under that statute that she sell narcotic drugs only pursuant to a written order of the buyer on a form issued by the Secretary of the Treasury violates her privilege against self-incrimination.

 We need not reach this question, as the sentences were concurrent on all counts. In any event, the Supreme Court recently held, in Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), that the requirements of section 4705(a) do not impair a seller's privilege against self-incrimination.

Affirmed.

---

2. " * * * [T]he testimony of one witness, if believed, is sufficient to prove a fact." Proffit v. United States, 316 F.2d 705, 707 (9th Cir. 1963). Actually, the only testimony controverting that of the Government's chief witness was that of the defendant, which was not believed by the trial court. The trial court said: " * * * her testimony [defendant's], especially in cross examination, was inconsistent and inherently improbable. And her whole testimony was not convincing."