[No. 2613–2.   Division Two.   January 26, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. LORRY ZIEGLER, *Appellant.*

*Kathryn D. Fewell,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* and *Richard L. Peterson, Deputy,* for respondent.

REED, J.—On March 12, 1976, defendant Lorry Ziegler sold illegal drugs to an undercover agent of the State Patrol Drug Control Assistance Unit. Her defense at trial was that she was entrapped by the persistent inveiglement of a male informer with whom she had previously lived, and who had allegedly furnished her with the drugs in the first instance. Defendant appeals from her jury conviction of delivery of a controlled substance. We affirm.

The sole question on appeal is whether the court erred in refusing to give Ziegler's proposed jury instruction that the burden was upon the prosecution to prove the absence of entrapment beyond reasonable doubt. Her basic contention is that failure to so instruct violates the constitutional principles enunciated in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). She argues further that this state should, independently of constitutional due process considerations, adopt a rule requiring that such a burden be placed upon the State to "preserve the integrity of the judicial system."

At trial, the evidence offered by Ziegler was considered by the judge as sufficient to raise the defense of entrapment and accordingly, the jury was instructed as follows:

> Entrapment is a defense to a criminal charge if the criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and the defendant was lured or induced to commit a crime which the defendant had not otherwise intended to commit.
>
> The defense is not established if the law enforcement officials did no more than afford the defendant an opportunity to commit a crime.

It will be noted that the language of this instruction (WPIC 18.05) is substantially that of RCW 9A.16.070,[1] the entrapment statute. The jury was given no instruction regarding the burden of proving the presence or absence of entrap-

---

[1] RCW 9A.16.070 reads as follows:

"(1) In any prosecution for a crime, it is a defense that:

"(a) The criminal design originated in the mind of law enforcement officials, or any person acting under their direction, and

ment, but was instructed that the State had the burden of proving each and every element of the offense charged beyond a reasonable doubt. RCW 9A.04.100. In Ziegler's testimony she admitted she had sold the drugs as charged, and elected to stand on her entrapment defense.

■ It appears to us that the statutory definition of entrapment contained in RCW 9A.16.070 is but a legislative reiteration of the "subjective test" for that defense, as it is applied in both the federal courts, *Hampton v. United States,* 425 U.S. 484, 48 L. Ed. 2d 113, 96 S. Ct. 1646 (1976); *United States v. Russell,* 411 U.S. 423, 36 L. Ed. 2d 366, 93 S. Ct. 1637 (1973), and in our State Supreme Court, *State v. Waggoner,* 80 Wn.2d 7, 490 P.2d 1308 (1971). In essence, a defendant who raises the affirmative defense of entrapment admits having committed the criminal act charged, but seeks to avoid the legal consequences of that act because of alleged improper state activity. *Cf. State v. Walker,* 11 Wn. App. 84, 521 P.2d 215 (1974); *State v. Draper,* 10 Wn. App. 802, 521 P.2d 53 (1974).

. Ziegler would have us adopt the rule of those jurisdictions which place the burden upon the state to disprove entrapment beyond a reasonable doubt. *E.g., United States v. Brown,* 421 F.2d 1283 (9th Cir.), *cert. denied,* 398 U.S. 941, 26 L. Ed. 2d 276, 90 S. Ct. 1855 (1970); *People v. Dollen,* 53 Ill. 2d 280, 290 N.E.2d 879 (1972); *Smith v. State,* 281 N.E.2d 803 (Ind. 1972); *see also State v. Matheson,* 363 A.2d 716 (Me. 1976). If we were to accept this invitation, however, we would be flying in the face of this state's long–standing rule that criminal defendants bear the burden of proving their affirmative defenses. *State v. McDonald,* 89 Wn.2d 256, 571 P.2d 930 (1977); *State v. Petit,* 88 Wn.2d 267, 558 P.2d 796 (1977); *State v. Bromley,* 72 Wn.2d 150, 432 P.2d 568 (1967); *State v. Razey,* 54

---

"(b) The actor was lured or induced to commit a crime which the actor had not otherwise intended to commit.

"(2) The defense of entrapment is not established by a showing only that law enforcement officials merely afforded the actor an opportunity to commit a crime."

Wn.2d 422, 341 P.2d 149 (1959); *State v. Pistona,* 127 Wash. 171, 219 P. 859 (1923); *State v. Rosi,* 120 Wash. 514, 208 P. 15 (1922). In the usual case, this does not mean the defendant must persuade the jury beyond a reasonable doubt or by a preponderance of the evidence, but only that the defendant is required to produce evidence sufficient to create a reasonable doubt of guilt in the minds of the jury. *State v. Bromley, supra.* We see nothing imminently unfair in such a procedure so long as the state retains its burden of proving all the elements of an offense beyond a reasonable doubt. As stated recently in *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), at page 286:

> Among other things, it is "normally within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so deeply rooted in the traditions and conscience of our people as to be ranked as fundamental." Speiser v Randall, 357 US 513, 523, 2 L Ed 2d 1460, 78 S Ct 1332 (1958); Leland v Oregon, 343 US 790, 798, 96 L Ed 1302, 72 S Ct 1002 (1952); Snyder v Massachusetts, 291 US 97, 105, 78 L Ed 674, 54 S Ct 330, 90 ALR 575 (1934).

In the absence of any of the constitutional frailties alluded to in *Patterson,* it would not have been improper to place the burden of proving her affirmative defense upon the defendant in this case; it was not error therefore to refuse to place the burden of disproving that defense upon the prosecution.

Ziegler next urges, however, that she has been denied constitutional due process under the rationale of *Mullaney v. Wilbur, supra.* We do not agree because, as we recently said in *State v. Atkinson,* 19 Wn. App. 107, 575 P.2d 240 (1977), at page 114:

*Mullaney* and *Roberts*[2] only invalidate jury instructions where the effect of those instructions is to place the burden of persuasion on the defendant to negate facts which the State is required by statute to prove beyond a reasonable doubt.

In the instant case, the trial judge, apparently following the suggestions of the Supreme Court Committee on Jury Instructions, WPIC 11 Wash. Prac. 99–104 (1977),[3] gave no instructions as to who bore the burden of proof as it pertained to entrapment. We fail to see how this omission, which would appear to be to Ziegler's advantage, could contravene her constitutional due process rights. In no sense did the trial court's instructions lessen the State's burden to prove beyond a reasonable doubt all of the elements of the offense charged against Ziegler. In no sense did they shift to Ziegler the burden of negating the existence of any such element.

We conclude, therefore, that it was not error for the trial court to refuse an instruction which would have placed the burden upon the State of disproving Ziegler's defense of entrapment.[4]

---

[2]*State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977).

[3]The trial judge, Judge Robert J. Bryan, served on the WPIC Committee.

[4]Careful consideration of *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), leads us to believe that the WPIC Committee's fears that any instruction which places the burden upon a criminal defendant to prove an affirmative defense, runs the risk of contravening the trend apparently established in *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975) and *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), may not be well-founded. *Patterson* has now made it clear that states may, within constitutional limits, place the burden of proving affirmative defenses upon a defendant. In some cases this will be by a preponderance of the evidence, *State v. McDonald,* 89 Wn.2d 256, 571 P.2d 930 (1977) (insanity); in others, however, proof beyond a reasonable doubt may be required. *Leland v. Oregon,* 343 U.S. 790, 96 L. Ed. 1302, 72 S. Ct. 1002 (1952) (insanity). We will not speculate on the position the WPIC Committee might now take in light of *Patterson.*

The judgment is affirmed.

PEARSON, C.J., and PETRIE, J., concur.