[No. 2418-2. Division Two. February 28, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD C.
BRUCE, *Appellant.*

*Carl D. Teitge,* for appellant.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—It is uncontradicted that Edward "Pappy" Bruce, a 76–year–old resident of Kitsap County, shot Kenneth James in the lower abdomen with a .30–caliber rifle shortly after midnight on February 8, 1976. Bruce was charged with first–degree assault, RCW 9.11.010,[1] and violation of the uniform firearms act, RCW 9.41.025. At trial, defendant Bruce testified that he shot James because he thought James was trying to attack him. The jury was instructed on the defense of self–defense, as well as the lesser–included offense of second–degree assault. RCW 9.11.020(3), (4).[2] The jury found defendant not guilty of first–degree assault, but guilty of second–degree assault, and returned a special finding that at the time the assault was committed defendant was armed with or in possession of a firearm. This latter finding resulted in the imposition of a 10–year prison sentence, with a 5–year mandatory minimum.

On appeal, three issues are presented: (1) whether the self–defense instruction unconstitutionally placed the burden of persuasion on the defendant; (2) whether, under the uniform firearms act, rifles are included in the definition of "firearms"; and (3) whether a mandatory 5–year minimum sentence constitutes cruel and unusual punishment. We resolve all issues in favor of the State and affirm the conviction.

The self–defense instruction, which was requested by defense counsel, placed the burden on the defendant to persuade the jury that there was a reasonable doubt on the matter of self–defense.[3] This instruction stated the law on self–defense as it has existed for many years in this state,

---

[1] RCW 9.11.010 has been superseded by RCW 9A.36.010, effective July 1, 1976.

[2] RCW 9.11.020 has been superseded by RCW 9A.36.020, effective July 1, 1976.

[3] The trial court's instruction No. 16:
"When a defendant claims that he assaulted another in defense of his own person, the burden is upon the defendant to prove that the assault was done in

and contained language approved in *State v. Turpin*, 158 Wash. 103, 290 P. 824 (1930). *See also State v. Dunn*, 22 Wash. 67, 60 P. 49 (1900). However, this instruction was recently declared unconstitutional in second–degree murder cases because of the United States Supreme Court's ruling in *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). *See State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977); *State v. Stepp*, 18 Wn. App. 304, 569 P.2d 1169 (1977).

*Mullaney's* broad language raised speculation that states might be constitutionally compelled to assume the ultimate burden of persuading the jury beyond a reasonable doubt on all facts relevant to any crime, whether they be denominated "elements" or "defenses." *See, e.g.*, Comment, *Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur*, 51 Wash. L. Rev. 953 (1976). But this approach was subsequently rejected in *Patterson v. New York*, 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977) (upheld New York law requiring defendant to prove insanity defense by a preponderance of the evidence). The *Patterson* court stated at page 210, "We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused."

■ Following *Patterson's* limiting of *Mullaney*, we feel that it is quite clear that *Roberts* is also limited insofar as burdens of proof in criminal defenses are concerned. As we said in *State v. Atkinson*, 19 Wn. App. 107, 114, 575 P.2d 240 (1978), "*Mullaney* and *Roberts* only invalidate jury instructions where the effect of those instructions is to place the burden of persuasion on the defendant to negate facts which the State is required by statute to prove beyond a reasonable doubt."

---

self–defense.

"It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this bur-

██ In the case at bench, the instruction on self–defense does not shift the burden to the defendant to disprove any fact essential to second–degree assault because the defense of self–defense bears no direct relationship to any element of second–degree assault. *See State v. Atkinson, supra; see also People v. Patterson,* 39 N.Y.2d 288, 347 N.E.2d 898, 383 N.Y.S.2d 573 (1976). The jury was instructed that the State must prove all elements of second–degree assault beyond a reasonable doubt. The verdict confirms that the State met its burden; consequently, the requirements of due process have been satisfied. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). The evidence presented by the State and the defendant simply failed to raise a reasonable doubt in the jury's mind as to whether an offense had been committed or that, if committed, it was done in self–defense.

While this instruction does not violate constitutional guidelines set down in *Mullaney* and *Roberts,* we repeat our observation in *State v. Ziegler,* 19 Wn. App. 119, 575 P.2d 723 (1978) and *State v. Atkinson, supra,* that the preferred practice is to give no burden of proof instruction when the defense is one which the defendant must "prove" by raising a reasonable doubt.[4] The reason for this approach is two–fold: (1) the jury is already aware from other instructions that the State must prove the crime beyond a reasonable doubt, and therefore any reasonable doubt will serve to acquit the defendant; and (2) the jury is likely to become confused if they are told that the defendant has any burden of proof. However, we need not consider further whether the instruction given in this case was improper because (a) counsel requested the instruction, and (b) no constitutional error exists. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976); *cf. Bradley v. Maurer,* 17

---

den of proof if from a consideration of all the evidence in the case you have a reasonable doubt as to whether the assault was done in self–defense."

[4]*See* 11 Wash. Prac. 99–104 (1977). Of course, an instruction will be necessary where the defendant must persuade the jury by a preponderance of the evidence or beyond a reasonable doubt.

Wn. App. 24, 560 P.2d 719 (1977) (use of pattern instructions is preferred, although not required); *see also* Underwood, *The Thumb on the Scales of Justice: Burdens of Persuasion in Criminal Cases,* 86 Yale L.J. 1299 (1977).

 Defendant's two remaining assignments of error appear to us to be without merit.[5] Defendant first argues that RCW 9.41.025, which prescribes mandatory minimum sentences for persons committing certain crimes "while armed with, or in the possession of any firearm," applies only to firearms with barrels of less than 12 inches. While it is true that the statute was originally enacted in 1935 as "An Act relating to short firearms and other weapons", the legislature subsequently changed the title in 1961 to read "An Act Relating To Firearms", and substituted the word "firearm" for "pistol" in the section pertinent here. *Compare* Laws of 1935, ch. 172, § 2, p. 599 *with* Laws of 1961, ch. 124, §2, p. 1638. Furthermore, in 1969 the legislature added the adjective "any" to modify "firearm." *See* Laws of 1969, 1st Ex. Sess., ch. 175, §1, p. 1269; *cf. Cokley v. People,* 168 Colo. 280, 450 P.2d 1013 (1969) (shotgun not a *concealed* weapon). A cursory review of RCW 9.41 makes clear that the legislature did not intend that the term "firearm" refer only to pistols. *Compare* RCW 9.41.010, .030–.160 (pistols), *with* RCW 9.41.025, .170, .190, .200, .230, .250 (firearm, shotgun, rifle, spring gun, machine gun, dangerous weapon). The language of RCW 9.41.025 is clear and unambiguous; therefore, "firearm" should be given its ordinary meaning. *See Ludwig v. Mutual Real Estate Investors,* 18 Wn. App. 33, 567 P.2d 658 (1977); *State v. Hattori,* 19 Wn. App. 74, 573 P.2d 829 (1978); *see also* Black's Law Dictionary 761 (4th ed. rev. 1968).

 Defendant's final argument is that his 5–year mandatory minimum sentence violates his constitutional right not to be subjected to cruel and unusual punishment. U.S. Const. amend. 8, Const. art. 1, § 14. As we have stated in

---

[5]These two assignments of error were put forward by defendant's first counsel on appeal, who subsequently was permitted to withdraw.

prior cases, the statutory minimum period of confinement does not violate the constitutional prohibition against cruel and unusual punishment where the crime is assault with a firearm. *See State v. Rose,* 7 Wn. App. 176, 498 P.2d 897 (1972). *See also State v. Atkinson, supra.*

Affirmed.

PETRIE and REED, JJ., concur.

Petition for rehearing denied March 20, 1978.

Review denied by Supreme Court July 21, 1978.