[No. 2358-3. Division Three. June 22, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
STRAND, *Appellant.*

*J. D. Evans,* for appellant (appointed counsel for appeal).
*C. J. Rabideau, Prosecuting Attorney,* for respondent.

ROE, J.—Defendant Strand and Clifford Dodd were convicted felons who were permitted to live outside the penitentiary in a halfway house. On November 21, 1976, they became involved in two altercations with each other. In the first, Strand sustained minor injuries. Dodd returned to a dining room table, where he continued working on his drawings. Strand went downstairs to a washroom to clean up the bleeding over his eye. No criminal charges resulted from that fight.

According to the State's theory, instead of this interval being a cooling–off period, Strand apparently became somewhat agitated. He went back upstairs, took a butcher knife from the kitchen, then assaulted Dodd by chasing him with the knife. Dodd escaped out the front door, ran

down the street, and hid in some bushes where he waited until ordered to return. Meanwhile, Strand waited on the front porch, and later came back in and deposited the knife with one Hugh McElroy, a counselor aide on duty.

According to the defense theory as testified by Strand, Dodd, who was bigger than Strand, armed himself with a table leg during the first affray. After that was over, Strand went back to the kitchen to clean it up, and Dodd, threatening to finish what they had started, moved toward Strand in the kitchen area. Having just taken one beating and not desiring another, Strand armed himself with the knife in self-defense. Dodd then picked up a chair. In order to remove the danger, Strand approached Dodd, who left, throwing the chair at Strand.

Strand was charged with and convicted of second-degree assault.[1] Strand's only defense, as stated in his opening statement and closing argument, was self-defense. Obviously the jury rejected that. Defendant took no exceptions to any instructions given, nor did he cite any authority or argument to support any of his proposed instructions which were not given. When the case was over, the defendant praised his defense counsel's conduct and argument during the trial. Now he appeals, with newly appointed counsel, and submits additionally a well-researched, well-framed, and extensive pro se brief.

■ It is his position that his constitutional right to trial by jury is not satisfied unless the jury is properly instructed. Hence misinstruction or noninstruction, being of constitutional dimension, may be raised for the first time on appeal, citing *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968). Error raised for the first time on appeal which

---

[1] RCW 9A.36.020(1) reads:

"Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm;.. ..."

alleges an invasion of a basic constitutional right will be reviewed to prevent an obvious and manifest injustice.

Defendant seeks not only a reversal, but a dismissal with prejudice. He alleges errors including: (1) failure to instruct on the lesser–included offenses of simple assault, RCW 9A.36.040,[2] reckless endangerment, RCW 9A.36.050,[3] and exhibiting a weapon, RCW 9.41.270;[4] (2) admission of evidence which he alleges was impeachment but which the State claims was mere rebuttal; (3) error in the instructions respecting burden of proof on self–defense, under the rule of *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977); (4) error in the definition of assault (a) respecting the intent required, and (b) respecting application of a subjective or objective standard of reasonable force; and (5) violation of his Sixth Amendment right to competent counsel, claiming his trial attorney was incompetent.

This case is representative of many wherein a party submits one theory to the trial court, loses, and wants another theory on appeal. The trial court is not presented with such

---

[2]RCW 9A.36.040 reads as follows:

"(1) Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

"(2) Simple assault is a gross misdemeanor."

[3]RCW 9A.36.050 reads as follows:

"(1) A person is guilty of reckless endangerment when he recklessly engages in conduct which creates a substantial risk of death or serious physical injury to another person.

"(2) Reckless endangerment is a gross misdemeanor."·

[4]RCW 9.41.270 reads as follows:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

"(2) Any person violating the provisions of subsection (1) above shall be guilty of a gross misdemeanor.

"(3) Subsection (1) of this section shall not apply to or affect the following:

"(a) Any act committed by a person while in his place of abode or fixed place of business;"

objections, or requests for instructions, as would give it the opportunity to correct its own error. Ordinarily if the trial court's attention was not directed to an error when it could have been corrected, it will not be considered on appeal. The reasons for the rule are well accepted.

> Our rule, often repeated, is that issues not raised at the trial level cannot for the first time be raised on appeal. A case cannot be tried on one theory, and appealed on another. The following quotation from *State v. Reano,* 67 Wn.2d 768, 771, 409 P.2d 853 (1966), states the rule and the reason for it:
>
>> . . . The reason for the rule is that, if a party desires to rely upon some theory other than that upon which the case was tried, he must present it to the trial court so that a ruling thereon may be made and, if such ruling be adverse, he may have an opportunity to elect to stand on his theory or apply to the court to amend his theory and present some other one.
>
> . . .
>
> We have recognized that there can be exceptions to that rule, particularly in criminal cases, where the right to a fair and impartial trial or the preservation of some other fundamental right is involved. Such a case was *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968).

*State v. McDonald,* 74 Wn.2d 474, 480, 445 P.2d 345 (1968). *Peterson* involved an instruction which omitted the word "voluntary," thereby depriving the defendant of his defense in a second–degree assault case. Thus, it made a

> guilty verdict mandatory on the "inflicting grievous bodily harm" theory. This constituted error requiring that the conviction be set aside and a new trial granted.
>
> It is only fair to the able trial judge (and the prosecuting attorney) to point out that this defect in the instruction was not called to their attention at the trial. Trial counsel for the appellant (not the counsel on this appeal) did object to instruction No. 7, but solely on the ground that it hampered his argument on justification. (The trial court did instruct on justification, and no exception was taken to that instruction.) Trial counsel insisted that "justification" was the "gist of this case." Appellate counsel now urges that the "only real issue was whether that harm was inflicted intentionally."

Ordinarily, the trial court's attention not having been directed to this error in the instruction at a time when it could have been corrected, we would not consider it on appeal. . . .

However, where an instruction invades a constitutional right of the accused (such as the right to a jury trial), it is not necessary, in order to have such error reviewed, that an exception be taken and called to the attention of the trial court.

(Citations and footnotes omitted.) *State v. Peterson*, 73 Wn.2d 303, 306, 438 P.2d 183 (1968).

As stated in *State v. McHenry*, 88 Wn.2d 211, 213, 558 P.2d 188 (1977), referring to *State v. Peterson, supra,*

There we recognized an appellate court will consider an error raised for the first time when "an instruction invades a constitutional right of the accused (such as the right to a jury trial) . . ." *State v. Peterson, supra* at 306. We have also recently indicated we will consider error amounting to nondirection where the error was not called to the court's attention and it related to constitutional rights raised for the first time on appeal. The error we considered on appeal, to which no request for an instruction was directed to the trial court, concerned the failure to require a unanimous verdict. *State v. Carothers*, 84 Wn.2d 256, 262, 525 P.2d 731 (1974).

*See also* RAP 2.5(a)(3), providing for review of "manifest error affecting a constitutional right." Although we do not believe that all the alleged errors were of constitutional dimension, we will discuss some of them.

Turning first to defendant's claim that instructions should have been given on lesser-included offenses, it seems clear that if the jury did not believe self-defense under the second-degree assault charge, it would not have believed that defense at all under any assault charge. To state it another way, if the defendant acted in self-defense, that would have justified brandishing the knife whether the charge were first-degree, second-degree, or simple assault.

■ We do not believe there was a duty to instruct on lesser assault. Defendant admitted arming himself with and brandishing the knife, a weapon likely to produce bodily

harm. Simple assault does not contemplate use of a weapon. RCW 9A.36.040. Hence it was either second-degree assault, or no assault at all. *See also State v. Shaffer,* 120 Wash. 345, 207 P. 229 (1922); *State v. Thompson,* 13 Wn. App. 1, 533 P.2d 395 (1975). A defendant charged with second–degree assault is not entitled to an instruction on the lesser–included offense of simple assault unless the facts will sustain a conviction of that crime. *State v. Jackson,* 70 Wn.2d 498, 424 P.2d 313 (1967). *Jackson* also involved an assault with a knife; the defense was self–defense. No error was found in the trial court's refusal to instruct on the lesser–included offense of third–degree assault. It controls in the case at bench.

Defendant also claims that an instruction on reckless endangerment, RCW 9A.36.050, should have been given, but no evidence supports such an instruction. The crime is based on recklessness, but the acts here were intentional; no evidence suggests otherwise. The whole defense theory was of deliberate self–defense: Dodd was not actually struck, though he fled.

There is no merit to the claim that an instruction on exhibiting or displaying a weapon, RCW 9.41.270, should have been given. Subsection (3)(a) makes such crime inapplicable when committed by a person in his place of abode.

 Defendant next complains that testimony of one Theresa Doty, a supervisor at the halfway house, was admitted to impeach when no foundation had been laid. She testified that Strand admitted to her that he had "assaulted" Dodd. Defendant misconceives the purpose of admitting that testimony: the State offered it in rebuttal. It may have incidentally resulted in impeaching Strand's statement that he did not intend to assault Dodd, but that doesn't make it inadmissible to rebut Strand. It was consistent with the State's case, and is an admission against penal interest made by the defendant. *Miranda* questions are pertinent only if the statement is used in the State's case–in–chief. *Harris v. United States,* 401 U.S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643 (1971); *Riddell v. Rhay,* 79 Wn.2d

248, 484 P.2d 907 (1971). The authorities defendant cited are not in point.

The third ground of error urged by defendant's counsel is that the court should have instructed that the prosecution has the burden of proving that the defendant did not act in self–defense once that issue had been raised. This was not suggested to the court below. Defendant relies now upon *Mullaney v. Wilbur*, 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), which was followed in this state by *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977), and *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976). All of these were murder cases. *Mullaney, Roberts,* and *Kroll* invalidated our jury instructions, previously considered appropriate in this state, the effect of which was to require the defendant to negate facts which the State is required by statute to prove beyond a reasonable doubt. Under RCW 9.48.040 one of the elements of second–degree murder is the killing without excuse or justification; thus, *Roberts* held that it violated defendant's due process rights to instruct the jury that defendant had the burden to prove self–defense to avoid conviction on second–degree murder. *Roberts* said in effect that because the statute mentioned self–defense, which was thus an element of the crime, to require the defendant to carry the burden of persuasion on self–defense was to require him to negate an element of the crime. Due process required the opposite result.

The case at bench involves second–degree assault, not second–degree murder. The jury was properly instructed that the State had the burden to prove guilt beyond a reasonable doubt. The jury was instructed further[5] that the use of force is not unlawful whenever used by a party about to be injured, in preventing an offense against his person. This was the only instruction on self–defense. No instruction was sought or given respecting the burden of proof on self–defense.

---

[5]Instruction No. 8 reads:

"The use, attempt, or offer to use force upon or toward the person of another shall not be unlawful in the following cases:

■ Another division of the Court of Appeals recently considered the very issue in *State v. Atkinson,* 19 Wn. App. 107, 575 P.2d 240 (1978), and *State v. Bruce,* 19 Wn. App. 392, 576 P.2d 1324 (1978). In both of those cases the same deprivation of due process was claimed under *Mullaney.*

> The trial court gave three instructions relating to self–defense. The first was a general presumption of innocence and proof beyond a reasonable doubt instruction. The second listed the elements of second–degree assault and reiterated the State's burden of proof. The third instruction defined lawful force and told the jury that "it is not a crime to commit an assault if the assault is committed in self–defense." Atkinson's attorney made no objection to these instructions.

(Footnotes omitted.) *State v. Atkinson, supra* at 112–13. These are identical in substance to the instructions given in the instant case. In determining whether *Mullaney* and *Roberts* applied, the court stated:

> [I]t should be pointed out that the constitutional principles contained in those cases involve the State's ability to shift to the defendant the burden of producing evidence and the burden of persuading the jury on certain issues. *See generally* Recent Developments, *Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur,* 51 Wash. L. Rev. 953 (1976). *Mullaney* and *Roberts* only invalidate jury instructions where the effect of those instructions is to place the burden of persuasion on the defendant to negate facts which the State is required by statute to prove beyond a reasonable doubt.
>
> . . .
>
> We think that *Roberts* does not apply to the case at hand. Here we are concerned with second–degree assault as defined by RCW 9.11.020(3), the elements of which are (1) grievous bodily harm, (2) willfully inflicted upon another, (3) with or without a weapon. Unlike the murder statute in *Roberts,* the assault statute does not make

---

"Whenever used by a party about to be injured, or by another lawfully aiding him, in preventing or attempting to prevent an offense against his person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his possession, in case the force is not more than shall be necessary."

absence of excuse or justification an element of the crime. Furthermore, unlike *Mullaney,* the defendant was not placed under any burden to negate a fact which the State is required to prove. *See Patterson v. New York,* 432 U.S 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). Therefore, we conclude that the trial court's instructions on the burden of proof raise no issue of constitutional dimension and, in the absence of proper objection to the court's instructions, we refuse to further examine their sufficiency. *State v. Arndt, supra.*

(Footnotes omitted.) *State v. Atkinson, supra* at 113–15.

This precise issue surfaced again in *State v. Bruce, supra,* decided by the same division of the Court of Appeals and written by the same author. The defendant in *Bruce* was put to a greater disadvantage than in the instant case because he himself requested an instruction which gave him the burden to persuade the jury that the issue of self–defense raised a reasonable doubt. In answering that, the court stated:

This instruction stated the law on self–defense as it has existed for many years in this state, and contained language approved in *State v. Turpin,* 158 Wash. 103, 290 P.2d 824 (1930). *See also State v. Dunn,* 22 Wash. 67, 60 P. 49 (1900). However, this instruction was recently declared unconstitutional in second–degree murder cases because of the United States Supreme Court's ruling in *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). *See State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977); *State v. Stepp,* 18 Wn. App. 304, 569 P.2d 1169 (1977).

*Mullaney*'s broad language raised speculation that states might be constitutionally compelled to assume the ultimate burden of persuading the jury beyond a reasonable doubt on àll facts relevant to any crime, whether they be denominated "elements" or "defenses." *See, e.g.,* Comment, *Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur,* 51 Wash. L. Rev. 953 (1976). But this approach was subsequently rejected in *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977) (upheld New York law requiring defendant to prove insanity defense by a preponderance of the evidence). The *Patterson* court

stated at page 210, "We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused."

Following *Patterson*'s limiting of *Mullaney*, we feel that it is quite clear that *Roberts* is also limited insofar as burdens of proof in criminal defenses are concerned. As we said in *State v. Atkinson,* 19 Wn. App. 107, 114, 575 P.2d 240 (1978), "*Mullaney* and *Roberts* only invalidate jury instructions where the effect of those instructions is to place the burden of persuasion on the defendant to negate facts which the State is required by statute to prove beyond a reasonable doubt."

In the case at bench, the instruction on self–defense does not shift the burden to the defendant to disprove any fact essential to second–degree assault because the defense of self–defense bears no direct relationship to any element of second–degree assault. *See State v. Atkinson, supra; see also People v. Patterson,* 39 N.Y.2d 288, 347 N.E.2d 898, 383 N.Y.S.2d 573 (1976). The jury was instructed that the State must prove all elements of second–degree assault beyond a reasonable doubt. The verdict confirms that the State met its burden; consequently, the requirements of due process have been satisfied. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). The evidence presented by the State and the defendant simply failed to raise a reasonable doubt in the jury's mind as to whether an offense had been committed or that, if committed, it was done in self–defense.

While this instruction does not violate constitutional guidelines set down in *Mullaney* and *Roberts,* we repeat our observation in *State v. Ziegler,* 19 Wn. App. 119, 575 P.2d 723 (1978) and *State v. Atkinson, supra,* that the preferred practice is to give no burden or proof instruction when the defense is one which the defendant must "prove" by raising a reasonable doubt. The reason for this approach is two–fold: (1) the jury is already aware from other instructions that the State must prove the crime beyond a reasonable doubt, and therefore any reasonable doubt will serve to acquit the defendant; and (2) the jury is likely to become confused if they are told that the defendant has any burden of proof. However, we

need not consider further whether the instruction given in this case was improper because (a) counsel requested the instruction, and (b) no constitutional error exists.

(Footnotes omitted.) *State v. Bruce, supra* at 393–95. Certainly if the rulings in the above two cases, particularly the latter, are correct, then there is no error in the instant case. We can add nothing to the rationale so well stated in those two cases. Thus we find that this claim of error by defendant Strand is without merit. In reaching this conclusion we are mindful of the language in *State v. Dault,* 19 Wn. App. 709, 578 P.2d 43 (1978), and *State v. Stallworth,* 19 Wn. App. 728, 577 P.2d 617 (1978), which when read alone and without reference to the facts, might suggest that when the issue of self–defense is raised, the burden is always on the State, but those two cases also involved murder as defined by prior statutes, RCW 9.48.030–.040, and the language in the opinions must be considered within that limitation.

▮ Defendant contends in his pro se brief that the trial court erred when it instructed the jury that the defendant could be found guilty of second–degree assault even if he did not actually intend to inflict bodily harm.[6] That instruction defines assault as acting with unlawful force and with intent to inflict bodily injury upon another, and states that an assault also is an intentional act which creates in another a reasonable apprehension and fear of bodily injury even though the actor did not actually intend to inflict bodily injury. Defendant was charged under RCW 9A.36-.020, subsection (1)(c), which merely requires a knowing assault upon another with a weapon or other instrument or thing likely to produce bodily harm. Intent to injure is not an element of that section. Defendant argued that he did not intend to injure and that intent to injure is an element of the crime. This claim of error is without merit.

[6]Instruction No. 5 reads as follows:

"An assault is an act, with unlawful force, done with intent to inflict bodily injury upon another, tending, but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted, but is sufficient if an apprehension and fear of bodily injury is created in another.

There are two concepts of assault. In *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972), the defendant was convicted of second–degree assault. She claimed that the evidence was insufficient to show either apprehension on the part of the victim or sufficiently strong circumstantial evidence of a willful act by her. She shot at a woman, but that woman didn't realize it at the time; thus, she claimed that apprehension by the victim was a necessary element, and that since it was lacking, she must be innocent. The court rejected this, holding that a person may be criminally assaulted even though unaware of the fact at the time; a criminal assault is an offense against the peace and dignity of the State as well as an invasion of private rights. *United States v. Rizzo,* 409 F.2d 400, 403 (7th Cir.), *cert. denied,* 396 U.S. 911, 24 L. Ed. 2d 187, 90 S. Ct. 226 (1969), noted two concepts of assault in criminal law. One is that an assault is an attempt to commit a battery, which constitutes assault even if the intended victim were unaware of the danger. Thus, apprehension on the part of the victim is not an essential element of this type of assault. The second concept is that an assault is committed merely by putting another in apprehension of harm, whether or not the actor actually intended, or had the capacity, to inflict that harm. The concept was assimilated into the criminal law from the law of torts. *See State v. Rush,* 14 Wn.2d 138, 127 P.2d 411 (1942). Usually the apprehension of harm must be a reasonable one. Defendant was charged under subsection (1)(c), under which intent is not at issue; thus, there was no error. Again, of course, defendant made no objection to this instruction.

A more serious claim is presented by defendant's pro se claim of error No. 2. Essentially he claims that, to determine whether the force used in self–defense was justifiable, the jury ought not to consider the circumstances as they appear in retrospect, *i.e.,* an objective standard, but should

---

"An assault is also an intentional act, with unlawful force, which creates in another a reasonable apprehension and fear of bodily injury, even though the actor did not actually intend to inflict bodily injury."

instead apply a subjective standard and view the circumstances as they appeared, or reasonably might have appeared, to defendant at the time. Since defendant proposed no instruction applying this theory, we will not reverse unless we feel that it is of constitutional magnitude.

The jury was instructed[7] that the use of force by the defendant is not unlawful when used in preventing or attempting to prevent an offense against his person, but the force must not have been more than was *necessary*. This was identical to defendant's proposed instruction No. 13. Notice that this instruction presents the objective standard outlined above.

Defendant's contention is correct, *State v. Ladiges*, 66 Wn.2d 273, 401 P.2d 977 (1965), and since the court's instruction presented the objective standard, it was error under normal circumstances. *State v. Miller*, 141 Wash. 104, 105, 250 P. 645 (1926), stated that the correct instruction should provide that

> If the [defendants], at the time of the alleged assault upon them, as reasonably and ordinarily cautious and prudent men, honestly believed that they were in danger of great bodily harm, they would have the right to resort to self defense, and their conduct is to be judged by the condition appearing to them at the time, not by the condition as it might appear to the jury in the light of testimony before it.

Thus the test is not totally subjective but is what a reasonably and ordinarily cautious and prudent man would honestly believe was necessary. *Miller* did not state that this was an error of constitutional dimension, and a close reading of the opinion would indicate that an exception had been taken in the trial court to the actual instruction given, which had not allowed for the subjective standard. *State v. Ladiges, supra,* quoting *State v. Miller, supra,* states at page 277:

> The true test was, what was the condition at the time the assault was made; and the appellants' right to

---

[7]Instruction No. 8, see footnote 5.

> resist force with force is dependent upon what a rea-sonably cautious and prudent man, situated as were the appellants, would have done under the condition then existing.

In *Ladiges,* however, an objection was made to the instruction given by the court, which instruction recited that self-defense was permitted only as long as no more force was used than was necessary.

Defendant also cites *State v. Wanrow,* 88 Wn.2d 221, 559 P.2d 548 (1977), as strengthening his position. We doubt that it does. It merely reconfirms *State v. Miller, supra,* and does not state that the error in the instruction was of constitutional dimension.

■ There are no cases cited which state that this error is of constitutional dimension. In addition, the court gave the precise instruction which the defendant had requested and which he now claims was error. Defendant did not argue that he used only reasonable force. The defendant's theory and argument of the case was not that his force was reasonable, but that it was in self-defense and that he had no intent to injure. It was not the theory of the defendant that the quantity of the force he used was the prime issue; rather, that there was no intent. Actually the victim was not hurt or even touched, as opposed to *Wanrow, Miller,* and others, where the victim suffered injury. There the amount of force used would play a different part. Here there was no prejudicial error.

■ Defendant has submitted other assignments of error; this court has carefully considered them and finds them to be without merit, including the claim that the defendant was prejudiced by incompetent trial counsel.

> An attorney who has been admitted to practice law in the state of Washington is presumed to be of sufficient skill and learning to adequately defend a person accused of a crime.

*State v. Silvers,* 70 Wn.2d 430, 433, 423 P.2d 539 (1967). For reversal, incompetence must be affirmatively and clearly shown. The standard for determining whether a

defendant was denied effective assistance of counsel is: "After considering the *entire record,* can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial? *State v. Thomas,* 71 Wn.2d 470, 471, 429 P.2d 231 (1967). Defendant has made no showing of incompetency on the part of his counsel in this case. Actually, the defendant complimented his counsel at the close of the case. Defendant submits only one reason for alleging counsel's incompetence: that he failed to except to omission of instructions on lesser–included offenses. As we stated above, such instructions would not have been proper in any event; therefore, defendant has failed to make the required showing. The simple fact is he lost and the jury did not believe him, and now he wants a new trial.

The defendant's conviction is affirmed.

Munson, C.J., and Green, J., concur.

Reconsideration denied July 25, 1978.

Review denied by Supreme Court December 1, 1978.