[No. 2836-3.   Division Three.   May 24, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD FESSER, JR., *Appellant*.

*Critchlow, Williams, Ryals & Schuster* and *Edward B. Critchlow,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore* and *J. Scott Timmons, Deputies,* for respondent.

GREEN, C.J.—Defendant appeals from a conviction for second–degree assault. Special findings were entered that he was armed with a firearm at the time of the commission of the crime.

■ The sole question presented is whether the court erred in giving the following instructions on self–defense:

### Instruction No. 10

It is a defense to a charge of Assault that the force used was lawful as defined in this instruction.

The use of force upon or toward the person of another is lawful when used by a person about to be injured or by someone lawfully aiding a person about to be injured in preventing or attempting to prevent an offense against the person and when the force is not more than necessary.

### Instruction No. 11

Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended.

Specifically, the defendant objects to that portion of instruction No. 10 which advises the jury that the use of force is lawful "when used by a person about to be injured or by someone lawfully aiding a person about to be injured." Since instruction No. 10 does not include the essential element that the person using the force need only reasonably believe, in light of all the facts and circumstances known to him, that he or another person is in danger, the instruction was in error. *State v. Ladiges,* 66 Wn.2d 273, 277, 401 P.2d 977 (1965); *State v. Miller,* 141 Wash. 104, 105, 250 P. 645 (1926); *State v. Bailey,* 22 Wn. App. 646, 591 P.2d 1212 (1979). *See State v. Strand,* 20 Wn. App. 768, 782, 582 P.2d 874 (1978), where this issue was not squarely presented.

■ The State contends that the conviction should be affirmed because no exception was taken to this instruction in the trial court. It is well established that:

> Absent an instructional defect which invades a constitutional right of the accused, the attention of the trial judge must be directed to an alleged error at the time

when it could have been corrected by the trial court. Otherwise, an alleged instructional defect will not be considered on appeal.

*State v. Robinson,* 78 Wn.2d 479, 481, 475 P.2d 560 (1970). Here, the evidence presented a close question on the issue of self–defense. The necessity for a proper instruction on this issue treads dangerously close to defendant's constitutional right to a fair trial and may have affected that right. Consequently, we are not inclined to follow the State's contention in this case.[1]

The State also contends that instruction No. 11, which defines necessary force, remedies the problem. In our view, it does not. The vice of instruction No. 10 is that it fails to state that the force is lawful when used by one who as a reasonable and cautious person, after considering all of the facts and circumstances known to him, believes that he is about to be injured or that another person is about to be injured. *State v. Ladiges, supra.* Instruction No. 11 does not speak to this point.

Reversed and remanded for retrial.

MUNSON and ROE, JJ., concur.

Reconsideration denied June 20, 1979.

Review denied by Supreme Court October 12, 1979.

---

[1]Defendant's appellate counsel points out that the two instructions given at trial are WPIC 16.05 and 17.02, published in 1977 and relied upon by trial counsel and the court as accurately stating the law of self–defense in assault cases. While this reliance is understandable in light of the preamble to the WPIC in which the Supreme Court recommends use of the instructions, the preamble also points out that the recommended use does not constitute advance approval of the instructions. Consequently, it behooves counsel to evaluate the legal propriety of every instruction even though it may be a pattern instruction.