[No. 47034–1.  En Banc.  December 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. PHILLIP
LEE THEROFF, *Petitioner.*

386

*Wallace, Powell & Anderson,* by *Byron G. Powell,* for petitioner.

*C. J. Rabideau, Prosecuting Attorney,* for respondent.

HICKS, J.—On October 30, 1976, petitioner Phillip Lee Theroff, then a 62–year–old farmer, encountered Steve Carpenter, 24, and his brother Glenn, 20, trespassing upon his farm. The land was posted "no trespassing". It was bird hunting season. The Carpenters were hunting, had been drinking and were undeterred by the "no trespassing" signs.

A heated exchange occurred between petitioner and one or both of the Carpenters. The sequence of events is disputed, but ultimately both petitioner and Glenn Carpenter were shot and wounded. From his wound, Glenn Carpenter died. Details are set forth with more particularity in *State v. Theroff,* 25 Wn. App. 590, 608 P.2d 1254 (1980).

Petitioner was charged by information in Franklin County with two counts of first degree murder—count 1,

with premeditation, and count 2, with circumstances manifesting an extreme indifference to human life. At the time of filing the information, also filed was a separate notice advising defendant that the State,

[I]n addition to the maximum penalty for each appropriate crime charged in the information filed herein, will seek a finding that defendant was:
  (a) Armed with a firearm (RCW 9.41.025),
      (1) first offense; or,
      (2) second offense; or,
      (3) third or subsequent offenses; and, or
  (b) Armed with a deadly weapon (RCW 9.95.040).

Subsequently, the information was amended realleging the two counts originally charged and adding a count of second degree felony–murder. The State did not file another notice of intent to seek enhanced penalties in conjunction with the amended information. Consequently, neither the original nor the amended information contained an allegation of a violation of RCW 9.41.025 or 9.95.040. No intention to seek an enhanced penalty under any of the counts was indicated in either information.

Trial was had to a jury and petitioner was found guilty of second degree felony–murder based upon second degree assault. Of the other counts, the trial court had dismissed one prior to commencement of the trial and not guilty verdicts were returned on the other. A special interrogatory returned by the jury found petitioner was armed with a deadly weapon, a firearm, at the time. In keeping with the enhanced penalty provisions of RCW 9.41.025 and 9.95.040, petitioner was sentenced to the Division of Institutions for a period of not more than 20 years and not less than 5 years.

Petitioner appealed. Division Three of the Court of Appeals affirmed. *State v. Theroff, supra.* We granted discretionary review and we affirm the Court of Appeals in part.

On appeal, Theroff questioned the sufficiency of the evidence to support the verdict of the jury. In disposing of

this issue, the Court of Appeals at page 593 correctly stated the rule of substantial evidence extant in this state prior to *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979) and *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Substantial evidence, however, is no longer the standard to be used by a reviewing court in a criminal case in which challenge is made to the sufficiency of the evidence to convict. The standard pronounced in *Jackson* and adopted by this court in *Green* is set forth in *Green* at page 221:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support *a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, supra* at 318. (Italics ours.) This inquiry does not require the reviewing court to determine whether *it* believes the evidence at trial established guilt beyond a reasonable doubt. "Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt." Jackson v. Virginia, supra* at 319. (Italics ours.)

Here, we are satisfied there was sufficient evidence from which a rational trier of fact could reasonably find beyond a reasonable doubt that petitioner pointed his loaded shotgun at Glenn Carpenter in a threatening manner and Carpenter's death was a consequence of that act. Thus, the result reached by the Court of Appeals in disposing of petitioner's challenge to the sufficiency of the evidence was correct.

In his petition for discretionary review, petitioner challenges instructions Nos. 15, 17, 19 and 20. The Court of Appeals found Nos. 15 and 17 unobjectionable and then refused to review Nos. 19 and 20 because the error alleged on appeal was not raised in the trial court.

Petitioner's objections to instructions Nos. 15 and 17 were that they constituted impermissible comments by the

trial judge in violation of Const. art. 4, § 16. This constitutional provision prohibits a judge from conveying to the jury his personal belief in the merits of the cause or some issue therein. *See State v. Cerny,* 78 Wn.2d 845, 480 P.2d 199 (1971).

The challenged instructions are:

### No. 15

You are instructed that any unlawful act of a person which is reasonably calculated to lead to an affray or deadly conflict, and which provokes the difficulty, is an act of aggression or provocation which deprives him of the right of self defense, although he does not strike the first blow.

### No. 17

You are instructed that the use of a deadly weapon by a private party to eject a nonviolent trespasser, is not a justifiable use of force.

Petitioner argues that under instruction No. 15, the jury is required to find he was the aggressor and provoked the conflict. He then asserts instruction No. 17 compels the jury to regard the Carpenters as nonviolent trespassers. Taken together, petitioner contends, the instructions effectively preclude his argument of self–defense.

Both instructions are correct statements of the law when considered in the abstract. The question, of course, is whether there is evidence in the case upon which the instructions may be predicated. Each side is entitled to have the trial court instruct upon its theory of the case if there is evidence to support that theory. *State v. Dana,* 73 Wn.2d 533, 536, 439 P.2d 403 (1968). The jury is admonished to consider the instructions as a whole and not single out any particular one. It is up to counsel to persuade the jury from the evidence in the case that his theory should be accepted when the court instructs upon more than one.

The State's theory was, in part, that the Carpenter brothers were nonviolent trespassers upon petitioner's farm. As we noted earlier, the evidence presented is conflicting but there is considerable testimony upon which instructions Nos. 15 and 17 could be based. We conclude, as

did the Court of Appeals, that there was sufficient evidence to entitle the State to have the jury instructed on its theory of the case.

On the theory of self–defense, two instructions were given by the trial court to which petitioner objects:

### No. 19

Necessary means that no effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended.

### No. 20

The use, attempt or offer to use force upon or toward the person of another shall not be unlawful whenever used by a party about to be injured, in preventing or attempting to prevent an offense against his person, or a malicious trespass, or other malicious interference with real or personal property lawfully in his possession, in case the force is not more than shall be necessary.

Petitioner contends that instructions Nos. 19 and 20 infringed his right to a fair trial. He predicates his argument on the general rule that one owning or lawfully in possession of property may use such force as is reasonably necessary under the circumstances to protect the property. *See Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 125 P.2d 681 (1942).

A person's right to use force is dependent upon what a reasonably cautious and prudent person in similar circumstances would have done and whether he reasonably believed he was in danger of bodily harm. Actual danger need not be present. *State v. Ladiges,* 66 Wn.2d 273, 401 P.2d 977 (1965); *State v. Miller,* 141 Wash. 104, 105, 250 P. 645 (1926). Consequently, an instruction which fails to incorporate "the essential element that the person using the force need only reasonably believe, in light of all the facts and circumstances known to him, that he . . . is in danger," is erroneous. *State v. Fesser,* 23 Wn. App. 422, 423, 595 P.2d 955, *review denied,* 92 Wn.2d 1030 (1979).

Obviously, instruction No. 20 lacks the qualification that the one using force may lawfully do so if he reasonably

believes that he is in danger of bodily harm. The instruction was erroneous.

■ The Court of Appeals refused to consider the objection to instruction No. 20 because it had not been raised in the trial court. An instruction identical to No. 20 in this case was before the same division of the Court of Appeals in *Fesser*. The issue was the same, that the error had not been raised in the trial court. The court set out the rule in such a situation on pages 423-24:

> Absent an instructional defect which invades a constitutional right of the accused, the attention of the trial judge must be directed to an alleged error at the time when it could have been corrected by the trial court. Otherwise, an alleged instructional defect will not be considered on appeal.

The Court of Appeals then proceeded contrary to the rule and considered the "instructional defect" because "the evidence presented a close question on the issue of self–defense." *Fesser*, at 424.

In the instant case, the same division of the Court of Appeals refused to consider an "instructional defect" not raised in the trial court presumably because the court did not find that the evidence presented a close question. In *Fesser*, the appellate court determined that in a self–defense issue where the evidence is close, a flawed instruction on self–defense is so crucial that it may have affected defendant's constitutional right to a fair trial. Of course, if an error adversely affects a constitutional right such error may be urged for the first time on appeal. *See State v. Wicke*, 91 Wn.2d 638, 591 P.2d 452 (1979).

We have carefully reviewed the report of proceedings in this case. We are not of the view that the evidence was close on the issue of self–defense. The trial appears to have been in all respects fair. We perceive no reason in this instance why we should deviate from our rule that defects in instructions not called to the trial court's attention will not be considered when raised for the first time on appeal.

Finally, petitioner contends he was denied procedural due process because neither the information nor the amended information charging him with various offenses alleged violations of either RCW 9.41.025 (armed with a firearm) or RCW 9.95.040 (armed with a deadly weapon). Nor did either information indicate an intention to seek an enhanced penalty under any of the charges listed.

A separate notice of intention to seek an enhanced penalty under RCW 9.41.025 and 9.95.040 was served and filed with the first information. This was not done with the amended information. In *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972), we determined that intention to charge under RCW 9.41.025 should be set forth in the information. In *State v. Cosner,* 85 Wn.2d 45, 50–51, 530 P.2d 317 (1975), Justice Hamilton writing for the court, said:

> The appellate courts of this state have held that when the State seeks to rely upon either RCW 9.41.025 or RCW 9.95.040, or both, due process of law requires that the information contain specific allegations to that effect, thus putting the accused person upon notice that enhanced consequences will flow with a conviction. Failure of the State to so allege precludes reliance upon the statutes by the trial court or the Board of Prison Terms and Paroles.
>
> We do not propose to recede from these holdings. Rather, we again emphasize the necessity of prosecuting attorneys uniformly adhering to the announced rule. Preferably, compliance should take the form of pleading by statutory language and citation of the statute or statutes upon which they are proceeding, *i.e.,* firearms and/or deadly weapons.

(Citations omitted.)

We adopt the above language in this case. It is the rule in this state—clear and easy to follow. When prosecutors seek enhanced penalties, notice of their intent must be set forth in the information. Our concern is more than infatuation with mere technical requirements. As we said in *Frazier, supra* at 634:

The inclusion of this separate issue in the information and verdict will give the appellant notice prior to trial that, if convicted, and if the jury finds the facts causing the aggravation are correct, she will have no possibility of probation. Her decision to enter a plea of guilty to a lesser charge if the prosecutor and court in their discretion would so accept it, is only one of the practical consequences that follow from receipt of notice at a time while alternative courses of action on her part are still available to her.

Because the prosecutor here did not follow the rule, he may not now ask the court to impose the rigors of our enhanced penalty statutes upon the defendant. The conviction is otherwise affirmed and the case remanded to the trial court for resentencing consistent with this opinion.

UTTER, C.J., and STAFFORD, BRACHTENBACH, HOROWITZ, and WILLIAMS, JJ., concur.

ROSELLINI, J. (concurring in part; dissenting in part)— Mr. Theroff and his attorney were aware and had notice of the State's intent to seek the mandatory minimum sentence. No one was misled or deceived that the enhanced penalty would not be sought.

It seems to me that substance should prevail over form. I have great faith that the prosecutors will follow the rule in *State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975). In the few cases such as this one, the letter of the *Cosner* case has not been followed. However, actual notice to seek the enhanced penalty was understood by everyone.

There has been no miscarriage of justice, and I would affirm the enhanced penalty.

DOLLIVER, J., concurs with ROSELLINI, J.

Reconsideration denied February 13, 1981.