[No. 35470-5-II.   Division Two.   March 18, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY JAMES BERRIER, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Susan I. Baur, Prosecuting Attorney*, and *James Smith, Deputy*, for respondent.

¶1 VAN DEREN, A.C.J. — Timothy Berrier appeals his exceptional sentence for felony harassment based on the aggravating factors of deliberate cruelty, lack of remorse, and retaliation against a criminal justice official. He contends that the State's separate notice of intent to seek an exceptional sentence was insufficient because both due process and former RCW 9.94A.537 (2005) require the State to allege any aggravating factors in the information. He also asserts that there was insufficient evidence to support his exceptional sentence. We hold that there is no statutory or constitutional requirement to plead aggravating factors in the information and, therefore, the State's separate notice of intent to seek an exceptional sentence was sufficient. We also hold that the evidence was insufficient to support the trial court's finding of three aggravating factors to support an exceptional sentence. Thus, we reverse the trial court's finding, vacate Berrier's exceptional sentence, and remand for resentencing within the standard range.

## FACTS

¶2 On July 6, 2006, Berrier called his probation officer, Eric Morgan, and told him that if he was not taken to jail, he would consume alcohol and hurt someone. Morgan went to Berrier's residence and, based on Berrier's classification as a dangerously mentally ill offender and his alcohol possession in violation of his probation conditions,[1] he

---

[1] Berrier was previously convicted of first degree robbery on January 12, 1994. On November 5, 1999, Berrier was convicted of first degree attempted assault and, after his confinement at both the Monroe Correctional Complex and McNeil Island Correctional Facility, he was released on probation on November 28, 2005. On January 13, 2006, he was rearrested for a probation violation and detained until his most recent release on January 31, 2006. He is currently incarcerated at the Washington State Penitentiary.

placed Berrier in hand restraints and transported him to his Department of Corrections office. While seated in Morgan's office, Berrier stated that he intended to rape and probably kill Kathryn Grey, the mental health unit supervisor at the Special Offender Unit/Monroe Correctional Complex, who served on Berrier's mental health treatment team during his confinement there. This threat alarmed Morgan and he arrested Berrier.

¶3 The State charged Berrier with felony harassment under RCW 9A.46.020.[2] On that same date, the State filed a notice of intent to seek an exceptional sentence based on five aggravating factors under former RCW 9.94A.535 (2005).[3] Two weeks later, the State moved to amend the information to incorporate the previously listed aggravating factors into the amended information.

¶4 On August 8, the trial court found Berrier competent to stand trial and addressed his request to plead guilty to the original information. The State objected to his entry of

---

[2] RCW 9A.46.020 states, in pertinent part, that

(1) A person is guilty of harassment if:
   (a) Without lawful authority, the person knowingly threatens:
   (i) To cause bodily injury immediately or in the future to the person threatened or to any other person;
   . . . .
   (b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out. "Words or conduct" includes, in addition to any other form of communication or conduct, the sending of an electronic communication.
   (2) . . . .
   (b) A person who harasses another is guilty of a class C felony if . . . the person harasses another person under subsection (1)(a)(i) of this section by threatening to kill the person threatened or any other person.

[3] Former RCW 9.94A.535 remains unchanged in pertinent part:

The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. Facts supporting aggravated sentences, other than the fact of a prior conviction, shall be determined pursuant to the provisions of RCW 9.94A.537.

Whenever a sentence outside the standard sentence range is imposed, the court shall set forth the reasons for its decision in written findings of fact and conclusions of law. A sentence outside the standard sentence range shall be a determinate sentence.

a guilty plea because he had not been arraigned on the amended information. Berrier's counsel asserted that because he had not been served the State's motion to amend, the trial court could not address it at that time and that Berrier had a statutory right to plead guilty to the original information. The trial court did not accept the plea or the amended information and set the matter over to August 15. The State served Berrier's counsel with copies of the amended information at the hearing.

¶5 On August 15, 2006, the State withdrew its motion to amend the information and its objection to Berrier's guilty plea.[4] Berrier then pleaded guilty to felony harassment.

> THE COURT: And you're pleading guilty to the allegations that on July 6, 2006, that you knowingly threatened to kill Kathryn Grey, and by words or conduct placed Kathryn Grey in reasonable fear that that threat would be carried out. So you understand that that's the charge?
>
> BERRIER: Yes, ma'am.
>
> . . . .
>
> THE COURT: Your statement says on July 6, I told my probation officer that I was going to Seattle to rape [and] kill a Kathryn Grey. I didn't really intend to do this, but I agree that my words and actions put my probation officer in reasonable fear. That I would fulfill the threat. If anyone told Kathryn Grey what I said, then she would also have reason to believe -- believe the threat.

Report of Proceedings (RP) at 11-12.

¶6 The trial court accepted Berrier's guilty plea. The State then asked the trial court to impanel a jury under former RCW 9.94A.537[5] to address the alleged aggravating

---

[4] It is apparent from the State's comments that it withdrew its motion to amend in anticipation of appeal on the issue of whether aggravating factors must be included in the information. Clerk's Papers at 15 ("I think it's a novel legal issue and I'm sure it will be an interesting appeal.").

[5] Former RCW 9.94A.537 stated:

(1) At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a

factors. Berrier's counsel objected on the basis that the State "cannot charge people with aggravating factors or with deadly weapon enhancements or with gun enhancements separate from the Information."[6] RP at 14.

¶7 Following further briefing and argument, the trial court ruled that it was empanelling a sentencing jury to hear evidence on the alleged aggravating factors. The trial court also ruled that the notice of intent to seek an exceptional sentence, filed concurrently with the information and served before Berrier pleaded guilty, provided him adequate notice. Berrier subsequently waived his right to a jury trial on the aggravating factors. He also agreed to a

---

sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

(2) The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.

(3) Evidence regarding any facts supporting aggravating circumstances under RCW 9.94A.535(3) (a) through (y) shall be presented to the jury during the trial of the alleged crime, unless the state alleges the aggravating circumstances listed in RCW 9.94A.535(3) (e)(iv), (h)(i), (o), or (t). If one of these aggravating circumstances is alleged, the trial court may conduct a separate proceeding if the evidence supporting the aggravating fact is not part of the res gest[a]e of the charged crime, if the evidence is not otherwise admissible in trial of the charged crime, and if the court finds that the probative value of the evidence to the aggravated fact is substantially outweighed by its prejudicial effect on the jury's ability to determine guilt or innocence for the underlying crime.

(4) If the court conducts a separate proceeding to determine the existence of aggravating circumstances listed, the proceeding shall immediately follow the trial on the underlying conviction, if possible. If any person who served on the jury is unable to continue, the court shall substitute an alternate juror.

(5) If the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the state in support of an aggravated sentence, the court may sentence the offender pursuant to RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for the underlying conviction if it finds, considering the purposes of this chapter, that the facts found are substantial and compelling reasons justifying an exceptional sentence.

In 2007, the statute was amended to respond to the Washington Supreme Court's decision in *State v. Pillatos*, 159 Wn.2d 459, 480, 150 P.3d 1130 (2007) ("We hold that [former RCW 9.94A.537], by its terms, applies only to cases where trials have not begun or guilty pleas have not been accepted, and that Washington courts lack inherent power to empanel sentencing juries outside of that new act.").

[6] Berrier's counsel was apparently speaking comparatively, because Berrier was not charged with deadly weapon or gun enhancements.

bench trial with stipulated exhibits and no witness testimony.

¶8 The trial court found that three of the five alleged aggravating factors were proved beyond a reasonable doubt:

(1) The defendant's conduct during the commission of the current offense manifested deliberate cruelty to the victim, as provided by [former] RCW 9.94A.535(3)(a).

(2) The defendant demonstrated or displayed an egregious lack of remorse, as provided by [former] RCW 9.94A.535(3)(q).

(3) The defendant committed the offense against a public official or officer of the court in retaliation of the public official's performance of his or her duty to the criminal justice system, as provided by [former] RCW 9.94A.535(3)(x).

Clerk's Papers at 62. Although the charges and evidence related to Berrier's conduct toward Grey under former RCW 9.94A.535(3)(x), the trial court expressly found that Berrier retaliated against his probation officer. The trial court then imposed an exceptional sentence of 30 months, above the normal 4- to 12-month range.

¶9 Berrier appeals.

## ANALYSIS

¶10 Berrier raises two issues of law based on (1) case precedent and (2) statutory interpretation of former RCW 9.94A.537. "We review questions of law de novo." *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

I. DUE PROCESS RIGHT TO NOTICE OF ALLEGED AGGRAVATING FACTORS

¶11 Berrier first contends that the State's failure to allege aggravating factors in the information violated his due process right to notice.

Under Washington Constitution, Article 1, § 22 and United States Constitution, Sixth Amendment, a charging document must contain "[a]ll essential elements of a crime" so as to give

the defendant notice of the charges and allow the defendant to prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). This right to adequate notice is also part and parcel of the defendant's right to due process under Washington Constitution, Article 1, § 3 and United States Constitution, Fourteenth Amendment. *State v. Sullivan*, 143 Wn.2d 162, 19 P.3d 1012 (2001).

Br. of Appellant at 6-7. Berrier's argument suggests that aggravating factors articulated in former RCW 9.94A.535 are essential elements of a crime.

¶12 Under article I, section 22 of the Washington Constitution, "the accused shall have the right . . . to demand the nature and cause of the accusation against him." This requires that "[a] criminal defendant is to be provided with notice of all charged crimes." *State v. Schaffer*, 120 Wn.2d 616, 619, 845 P.2d 281 (1993). And we agree with Berrier that this notice requirement has been interpreted to require that all essential elements of the crime charged be included in the information. *State v. Tandecki*, 153 Wn.2d 842, 846, 109 P.3d 398 (2005).

¶13 But it is settled that the essential elements of a crime are only those facts that must be proved to convict a defendant of the charged crime. *See, e.g., State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000) ("Every material element of the charge, along with all essential supporting facts, must be put forth with clarity.").[7] In contrast, facts establishing RCW 9.94A.535 aggravating factors may serve

---

[7] Berrier cites *State v. Theroff*, 95 Wn.2d 385, 622 P.2d 1240 (1980) to suggest a due process requirement to include aggravating factors in the information. In *Theroff*, the Washington Supreme Court held that mandatory sentence enhancers under former RCW 9.41.025 (1969) (firearm) and former RCW 9.95.040 (1976) (deadly weapon), must be pleaded in the information. 95 Wn.2d at 392.

Berrier argues that aggravating factors should be treated the same as the *Theroff* court treated mandatory sentence enhancers. In *Theroff*, the State filed a separate notice charging firearm and deadly weapon enhancers along with the information. 95 Wn.2d at 387. But the State later amended the information without restating the sentence enhancers. *Theroff*, 95 Wn.2d at 387. Thus, in *Theroff*, actual notice was at issue. Here, Berrier admits notice. Moreover, *Theroff* was decided in 1980 and the exceptional sentencing provisions of chapter 9.94A RCW came about as part of the Sentencing Reform Act of 1981, thus, *Theroff* does not control our due process analysis here.

to extend an offender's sentence beyond the standard range but only after the underlying crime is proved. *See Blakely v. Washington,* 542 U.S. 296, 310, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (distinguishing fact finding for the underlying crime and fact finding on RCW 9.94A.535 sentence enhancements). And RCW 9.94A.537(6) provides that "[i]f the jury finds, unanimously and beyond a reasonable doubt, one or more of the *facts alleged by the state in support of an aggravated sentence,* the court may sentence the offender pursuant to RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for *the underlying conviction.*" (Emphasis added.) *See Blakely,* 542 U.S. at 305 n.8 (facts that serve to enhance a sentence go "beyond the bare elements of the offense").

¶14 In *State v. Tili,* 148 Wn.2d 350, 369, 60 P.3d 1192 (2003), our Supreme Court said, "To justify an exceptional sentence [under the aggravating factor of deliberate cruelty], the cruelty must go beyond that normally associated with the commission of the charged offense or inherent in the elements of the offense—elements of the crime that were already contemplated by the legislature in establishing the standard range." *But see State v. Pillatos,* 159 Wn.2d 459, 483, 150 P.3d 1130 (2007) (Sanders, J., concurring) ("An aggravating factor . . . is clearly an 'essential element' of the charged crime.").

¶15 Furthermore, while the essential elements of the underlying crime may be readily discernable at the time the information is filed, facts supporting an exceptional sentence may be revealed only as the case develops. RCW 9.94A.535 currently lists 26 possible aggravating factors. And former RCW 9.94A.537 allows the State to seek an exceptional sentence "[a]t any time prior to trial or entry of the guilty plea" and allows the State to supplement the information as additional facts become known, putting the accused on notice that the State intends to prove additional facts supporting an exceptional sentence.

¶16 Our state and federal constitutions require only that a criminal defendant be provided notice of the charges

sufficient to allow the defendant to prepare a defense.[8] *See State v. Yates,* 161 Wn.2d 714, 757-60, 168 P.3d 359 (2007). Berrier (1) does not assert that he did not have notice of the charged crime, (2) admits that he had notice of the aggravating factors alleged by the State, and (3) does not challenge for vagueness the State's notice of intent to prove aggravating factors. Thus, we hold that the State's notice of intent to prove specified aggravating factors under former RCW 9.94A.535 provided reasonable notice of the alleged aggravating factors in accord with Berrier's due process rights.

## II. NOTICE OF AGGRAVATING FACTORS UNDER FORMER RCW 9.94A.537

¶17 Berrier also contends that former "RCW 9.94A.537 should be interpreted to require the State to allege aggravating factors in the information and that failure to do so precludes the State from seeking an enhanced sentence." Br. of Appellant at 14. The purpose of statutory interpretation is to determine the legislature's intent. To that end, we look first to the statute's plain language. "If the plain language of the statute is unambiguous, then [the] inquiry is at an end" and "[t]he statute is to be enforced in accordance with its plain meaning." *State v. Armendariz,* 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

¶18 Here, the current and former versions of RCW 9.94A.537(1) both provide that

[a]t any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard

---

[8] For example, the indictment clause of the Fifth Amendment, which provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," has not been applied to the states. U.S. CONST. amend V; *see Apprendi v. New Jersey,* 530 U.S. 466, 477 n.3, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement . . . in the indictment. [The Fourteenth] Amendment has not . . . been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury.' ").

sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

¶19 Berrier's argument adopts Justice Sanders's reasoning in his concurring opinion in *Pillatos*, decided after Berrier's sentencing but three months before the parties filed their appellate briefs. "I would hold an aggravating factor supporting an exceptional sentence must appear in the charging document." *Pillatos*, 159 Wn.2d at 481 (Sanders, J., concurring).

> [A]mendment of the charging document is not a particularly onerous requirement. In fact, "amendments to an information are liberally allowed before trial with continuances granted to a defendant if necessary to prepare to meet the altered charge." *Kjorsvik*, 117 Wn.2d at 103 n.18 (citing *State v. Pelkey*, 109 Wn.2d 484, 490, 745 P.2d 854 (1987)). Formal amendment of the charging document is both straightforward and necessary.

*Pillatos*, 159 Wn.2d at 484 (Sanders, J., concurring).

¶20 The majority discussed this issue in dicta but did not render a holding on it because the issue was not ripe for review:

> Defendants assert, additionally, that they may not be subject to an exceptional sentence unless the aggravating factors are charged in the information. [Former RCW 9.94A.537] does not explicitly require such pleading of aggravators. Instead, it says that if the "substantial rights of the defendant" are not offended, notice of intent to seek an exceptional sentence may be given any time "prior to trial or the entry of a guilty plea." [Former RCW 9.94A.537(1)].
>
> Again, this issue is not ripe for review.

*Pillatos*, 159 Wn.2d at 479.

¶21 Division One of this court also discussed this issue as dicta but did not render a holding:

> Although the parties do not raise this issue, one could argue that, even under RCW 9.94A.537, a sentencing court cannot impanel a jury to find aggravating circumstances not pleaded

in the information. The *Pillatos* court considered this possibility in dicta and rejected reading RCW 9.94A.537(1)'s notice requirement so narrowly. 159 Wn.2d at 479. Here, although the aggravating circumstances had been stricken from the amended information as surplusage before sentencing, Murawski certainly had notice of the State's intention to seek an exceptional sentence based on those aggravators, which is all that is explicitly required under RCW 9.94A.537(1).

*State v. Murawski,* 142 Wn. App. 278, 291 n.36, 173 P.3d 994 (2007). We agree with Division One's reasoning and conclude that a defendant has adequate notice of the State's intent to seek an exceptional sentence based on aggravating factors if the State gives notice before entry of a plea or trial.

¶22 Moreover, in 2007, the legislature amended former RCW 9.94A.537 in response to *Pillatos* to allow a jury to be impanelled to consider any alleged aggravating factors under RCW 9.94A.535(3).[9] But the legislature did not amend the statute to require identification of aggravating factors in the State's information charging the underlying crime. Legislative silence on the issue, particularly in view of the majority's dicta and Justice Sanders's concurring opinion in *Pillatos*, supports an interpretation of the former statute's plain language to allow the State to notify a defendant of its intent to seek an exceptional sentence based on specified aggravating factors outside of the information. *See State v. Bobic,* 140 Wn.2d 250, 264, 996 P.2d 610 (2000) (legislature is presumed to be aware of judicial interpretations of its enactments); *State v. Ritchie,* 126 Wn.2d 388, 393, 894 P.2d 1308 (1995) (" 'Legislative silence regarding the construed portion of the statute in a subsequent amendment creates a presumption of acquiescence in that construction.' " (quoting *Baker v. Leonard,* 120 Wn.2d 538, 545, 843 P.2d 1050 (1993))).

¶23 We hold that, so long as a defendant's substantial rights are not prejudiced, under former and current RCW

---

[9] ENGROSSED H.B. 2070, 60th Leg., Reg. Sess. (Wash. 2007); LAWS OF 2007, ch. 205, § 2.

9.94A.537, the State may allege aggravating factors in its notice of intent to seek an exceptional sentence separate and apart from the information.

¶24 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER and PENOYAR, JJ., concur.