# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,     )
                               )    No. 68838-3-I
           Respondent,    )
                               )    DIVISION ONE
          v.                )
                               )    UNPUBLISHED OPINION
FALE PE'A,                )
                               )
          Appellant.    )    FILED:   OCT  7 2013

PER CURIAM. — Fale Pe'a appeals the sentence imposed following her conviction for second degree assault while armed with a deadly weapon. She contends, and the State concedes, that the deadly weapon enhancement must be stricken because it was not charged in the amended information. We accept the State's concession. See State v. Theroff, 95 Wn.2d 385, 392, 622 P.2d 1240 (1980).

Pe'a also contends a community custody condition requiring a mental health examination should be stricken. She points out that the trial court failed to comply with statutory prerequisites for that condition, including consideration of a presentence report or mental health evaluation and entry of a finding that she is a mentally ill person. See RCW 9.94B.080. She asks that we remand with instructions "to strike the mental health evaluation condition unless the court determines it can presently and lawfully comply in full with RCW 9.94B.080." The State does not dispute Pe'a's contention, but argues it is moot because the Department of Corrections concluded it lacked authority to impose community custody in Pe'a's case and therefore closed it without subjecting her to community custody. Pe'a responds that the issue is not moot because the presence of

the condition on her judgment and sentence is stigmatizing and "future courts, employers, and mental health providers will presume the sentencing court found all the prerequisites of RCW 9.94B.080, including that Ms. Pe'a is mentally ill . . . and her mental illness influenced her offense." Because we are remanding for the court to strike the deadly weapon enhancement, and because it is undisputed that the sentencing court did not satisfy the statutory prerequisites for the mental health condition and that the DOC lacks authority to impose community custody in any event, we direct the court on remand to also strike the mental health condition from the judgment and sentence.

Pe'a has filed a pro se statement of additional grounds for review but fails to adequately describe the nature and occurrence of any alleged error as required by RAP 10.10(c). To the extent Pe'a challenges the persuasiveness of the evidence, her arguments are beyond the scope of our review. State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1990).

Remanded with directions to strike the deadly weapon enhancement and mental health evaluation condition from the judgment and sentence.

Cox, J.

WE CONCUR:

Spearman, J.

Leach, C.J.

2