# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75921-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL RAYMOND WHITE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: <u>April 23, 2018</u> |

SPEARMAN, J. — In a challenge to the sufficiency of the evidence, the appellate court must determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Michael Raymond White challenges his conviction for residential burglary, asserting that insufficient evidence supports the jury's finding that the vacant house he burglarized was a "dwelling." But, viewing the evidence in the light most favorable to the State, a rational juror could have found beyond a reasonable doubt that the house was a dwelling. We affirm.

## FACTS

Phyllis Queen owns a 33 acre farm. Queen's grandson and his wife, James and Ashley McMullen, take care of the farm. The property includes two houses, Queen's home and a nearby house that Queen used as a rental for many years. In the summer of 2015, Queen evicted the tenants living in the

rental house. The tenants held a yard sale after which they allegedly posted on Facebook that people could help themselves to remaining items. The tenants moved out in early August.

In the following months, Queen repeatedly had problems with people trespassing on the property and taking items from the vacant house. Thieves removed an entire deck. Queen and the McMullens reported these incidents to the police and attempted to dissuade trespassers by placing logs across the driveway and securing a board across the back door. The McMullens checked on the house most days.

In December 2015, the McMullens observed trespassers at the house and contacted the police. One of the trespassers was identified as Michael White. A microwave and wood stove from the house were found in White's possession.

White was charged with residential burglary. At trial, the jury was instructed in this offense and the lesser included offenses of burglary of a building (second degree burglary) and criminal trespass. The jury convicted White of residential burglary.

## DISCUSSION

White appeals his conviction for residential burglary. He contends the evidence at trial was sufficient only to convict on the lesser offense of second degree burglary.

The State has the burden to prove each element of the crime charged beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). See also RCW 9A.04.100(1). Evidence is sufficient to

2

support a conviction if, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Green, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980) (citing Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). A sufficiency challenge "'admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.'" State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992) (quoting State v. Theroff, 25 Wn. App. 590, 593, 608 P.2d 1254, aff'd, 95 Wn.2d 385, 622 P.2d 1240 (1980)).

Residential burglary and second degree burglary both require the State to prove that the defendant entered a structure with intent to commit a crime against a person or property therein. RCW 9A.52.025, .030. They differ in the nature of the structure entered. Residential burglary requires entry into "a dwelling" while second degree burglary requires entry into "a building other than a vehicle or a dwelling." RCW 9A.52.025, .030. A dwelling is "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7). Whether an unoccupied residence is a dwelling turns on "all relevant factors" and is generally decided by the jury. State v. McDonald, 123 Wn. App. 85, 91, 96 P.3d 468 (2004). Relevant factors include how long the building has been vacant, whether it is furnished, and whether it was maintained as a dwelling. Id. at 91 n.18. Abandonment is not a defense to residential burglary. State v. Olson, 182 Wn. App. 362, 378,329 P.3d 121 (2014).

In this case, the jury heard evidence that the house was occupied until August 2015, about four months before the burglary. The McMullens checked on

3

the house frequently and took measures to prevent intrusion by trespassers and thieves. The house was structurally sound. The stolen items, a microwave and wood stove, were items normally found in a dwelling.

There was conflicting evidence as to the extent of the house's disrepair. Queen stated that, in recent times, the house "looked like a garbage dump." Verbatim Report of Proceedings at 167. She also said that she had been asked to burn the house down. Ashley McMullen stated that, when the tenants were evicted, they left most of their belongings, including furniture and appliances, in the house and yard. She testified that she and her husband cleaned up the garbage and other debris. James McMullen testified that he had talked with Queen about burning the house down. He stated that he raised this possibility, not because of the house's condition, but because of his plans for the property.

Viewed in the light most favorable to the State, the evidence was sufficient for the jury to conclude that the house "was ordinarily used by a person for lodging." We affirm.

The State asks that White bear the costs of appeal. Appellate costs are awarded to the prevailing party unless this court directs otherwise or "unless the commissioner or clerk determines an adult offender does not have the current or likely future ability to pay such costs." RAP 14.2. Where an offender has been found indigent by the trial court, that finding of indigency remains in effect "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

4

No. 75921-3-I/5

In this case, the trial court found White indigent for purposes of appeal and directed payment for appeal at public expense.[1] If the State has evidence indicating that White's financial circumstances have improved, it may file a motion for costs with the commissioner.

Affirmed.

WE CONCUR:

_Spearman, J._

_Leach, J._

_Cox, J._

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 APR 23 AM 9:05

---

[1] The State contests the adequacy of the trial court's finding. It argues that the trial court only found White indigent for purposes of appeal, did not actually enter a finding of indigence, and relied solely on a declaration noting a past qualification for appointed counsel at the trial level. We reject this argument. To appoint counsel at public expense, the trial court must find that a person meets the statutory definition of "indigent." RCW 10.73.150, RCW 10.101.010(3)-(4). The court may make this determination "by reevaluating any order of indigency previously entered by the trial court." RAP 15.2(b).