IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50341-7-II |
| Respondent, | |
| v. | |
| ANTHONY JAMES LUJAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Anthony James Lujan appeals his two unlawful possession of a controlled substance convictions. He contends that trial court erred by instructing the jury on constructive possession when the charges were based on actual possession. We affirm.

FACTS

Lacey Police Officer Alex Ficek was working overtime detail at a department store when he recognized Lujan and followed him outside. When Lujan stopped by a trash can, Officer Ficek approached him. Lujan told the officer that he had a warrant for his arrest. After confirming the warrant, Officer Ficek attempted to arrest Lujan. Lujan resisted, but the officer eventually handcuffed Lujan.

Officer Ficek searched Lujan incident to the arrest. Inside the jacket that Lujan was wearing, the officer found a case. The case contained methamphetamine and heroin.

The State charged Lujan with two counts of unlawful possession of a controlled substance based on the methamphetamine and heroin found in the jacket he was wearing. The State proposed

a jury instruction that stated possession can be actual or constructive and that "[c]onstructive possession occurs when there is no actual physical possession but there is dominion and control over the substance." Clerk's Papers (CP) at 35. When the trial court questioned the State why it wanted to instruct the jury on constructive possession, the prosecutor stated, "I don't want them to get lost in argument . . . it gives us a little bit of a difference in terms of different types of possession or control and so it helps define that idea of possession a little bit more." Verbatim Report of Proceedings (VRP) (February 22, 2017) at 85. Defense counsel objected to the proposed instruction, arguing that the language defining constructive possession was inappropriate in this case because the evidence showed only actual possession.

The trial court allowed the instruction, concluding:

I don't see error and I concur that the context of possession, while it might not be very helpful, I think is more helpful than not, and so ultimately I decided that this would be helpful to the jury and so I included that language that was proposed by the State.

VRP (February 22, 2017) at 94. The trial court instructed the jury:

Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance.

CP at 70.

During closing arguments, the State discussed the difference between actual and constructive possession, stating, "you're given two different definitions for what possession means. We have an actual possession and constructive possession. We don't have to deal with constructive possession in this case. We know that the defendant actually possessed it. It was in

his coat." VRP (February 22, 2017) at 147. The State continued by explaining that an example of constructive possession "would be . . . like a woman who has a purse that she's set down on the side or set under a chair . . . for example. It's still yours, you still are asserting a dominion and control over it, but you're not actually physically holding it. It's not attached to your body at the time." VRP (February 22, 2017) at 147. The State then reiterated, "In this case, we're just dealing with the actual possession . . . . He actually possessed [the drugs] at the time." VRP (February 22, 2017) at 147

The jury found Lujan guilty as charged. Lujan appeals.

ANALYSIS

Lujan contends the trial court erred by instructing the jury on constructive possession when the State's theory of the case was actual possession. We disagree.

A. LEGAL PRINCIPLES

We review a trial court's choice of jury instructions for an abuse of discretion if based on factual determinations. *State v. Schierman*, 84614-6, slip op. at 77 (Wash. Apr. 12, 2018) http://www.courts.wa.gov/opinions/pdf/846146.pdf "A jury instruction is proper if it permits each party to argue its theory of the case, is not misleading, and properly informs the jury of the applicable law." *Id.* (citing *State v. Clark*, 143 Wn.2d 731, 771, 24 P.3d 1006 (2001)). "Each side is entitled to have the trial court instruct upon its theory of the case if there is evidence to support that theory." *State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980)

B.      CONSTRUCTIVE POSSESSION JURY INSTRUCTION

Possession of a controlled substance may be actual or constructive. *State v. Ibarra-Cisneros*, 172 Wn.2d 880, 897, 263 P.3d 591 (2011). Actual possession occurs when a defendant has physical custody of the item, and constructive possession occurs if the defendant has dominion and control over the item. *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002).

Here, the trial court instructed the jury:

> Possession means having a substance in one's custody or control. It may be either actual or constructive. Actual possession occurs when the item is in the actual physical custody of the person charged with possession. Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance.

CP at 70. The trial court's jury instruction correctly stated the law.

Moreover, the State discussed the difference between actual and constructive possession during closing arguments, stating, "you're given two different definitions for what possession means. We have an actual possession and constructive possession. We don't have to deal with constructive possession in this case. We know that the defendant actually possessed it. It was in his coat." VRP (February 22, 2017) at 147. The State reiterated, "In this case, we're just dealing with the actual possession . . . . He actually possessed [the drugs] at the time." VRP (February 22, 2017) at 147. Thus, the jury instruction allowed the State to argue its theory of the case by clearly explaining to the jury the two different ways of possessing a controlled substance and that the facts of this case fall under actual possession. Also, the instruction was not misleading because the State repeatedly clarified that its theory of the case was that Lujan's possession of the methamphetamine and heroin was based on actual possession.

No. 50341-7-II

Because the possession jury instruction permitted each party to argue its theory of the case, was not misleading, and was a correct statement of the law, the instruction was proper. Thus, the trial court did not abuse its discretion by instructing the jury on constructive possession.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Bjorgen, J.

_____
Melnick, J.