# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51462-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JUSTIN AMES, | |
| Appellant. | |

GLASGOW, J. — Justin Ames was convicted of one count of attempting to elude a police vehicle. He received a sentence enhancement based on the jury's finding that he endangered one or more persons while committing that crime ("felony traffic enhancement"). Ames appeals his sentence, arguing that the trial court erred in imposing the felony traffic enhancement because the State failed to plead the enhancement in the information. The State concedes error. We accept the State's concession, and remand for the sentencing court to strike the felony traffic enhancement from the defendant's sentence.

## FACTS

A Washington State trooper in a marked patrol car pulled over Ames after he failed to signal a lane change and because there was a discrepancy with the car's tabs. As the trooper approached the car, Ames sped off. Ames proceeded to drive 70 to 80 miles per hour in a 60 miles per hour zone and swerved into oncoming lanes, including while going around corners. After the trooper stopped the car, Ames fled and his passenger remained with the car.

The State charged Ames with one count of attempting to elude a police vehicle. The information stated that Ames refused to immediately stop his vehicle after a uniformed trooper in a vehicle equipped with lights and sirens signaled him to stop. The information did not include allegations that Ames endangered others while eluding a police vehicle. Over Ames's objection, the trial court allowed the felony traffic enhancement as a special verdict because of his erratic driving and because there was a passenger. The superior court reasoned that the enhancement did not change the elements of the underlying crime, notice was provided via plea negotiations, and it would not prejudice Ames's defense. The jury convicted Ames of one count of attempting to elude a police vehicle and found that the felony traffic enhancement applied.

Ames appeals the imposition of the felony traffic enhancement.

ANALYSIS

Although Ames appeals all portions of his judgment and sentence, he assigns error only to the sentence enhancement. The State concedes that the sentencing court erred by imposing the felony traffic enhancement. We accept the State's concession, and remand to the sentencing court to strike the portion of Ames's sentence imposed by the enhancement.

A criminal defendant has a constitutional right to be notified of the charges alleged against him. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. This right requires that charging documents include all essential elements. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). If facts can increase the penalty for the charged crime, then they are functionally equivalent to an element. *State v. Recuenco*, 163 Wn.2d 428, 440, 180 P.3d 1276 (2008). Thus, when the State seeks an enhancement, notice of its intent must be included in the information. *State v. Theroff*, 95 Wn.2d 385, 392, 622 P.2d 1240 (1980).

2

Here, the felony traffic enhancement required the trial court to add 366 days to the sentence if the defendant endangered others while attempting to elude a police vehicle. RCW 9.94A.533(11). The information did not include notice of the State's intent to seek a felony traffic enhancement. And the information did not include allegations that Ames endangered others while eluding the police vehicle. The State concedes it did not plead the enhancement in the information, and therefore the extra 366 days imposed by the enhancement should be removed from the defendant's sentence. We agree that because the information did not include notice of the State's intent to seek the enhancement, it was improper for the court to impose the felony traffic enhancement.

## CONCLUSION

We remand to the sentencing court to strike the portion of Ames's sentence imposed as a result of the felony traffic enhancement.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, J.

Maxa, C.J.